Scott, Judge,
delivered the opinion of the court.
1. The eighth section of our act, concerning fraudulent conveyances, is a transcript of a similar provision in the Massachusetts code. Code of 1836, p. 473, sec. 5. Under that statute it has been held, that when personal property is mortgaged without a delivery thereof to the mortgagee, and the mortgage is not recorded, a party who buys the property of the mortgagor and takes possession of it, though he has knowledge of the mortgage, will hold the property against the mortgagee. Travis v. Bishop, 13 Met.
So, in the case of Cook v. Clifford, 12 Mo. 379, under the fifth section of our act concerning fraudulent conveyances, it was held, that the purchaser of a slave from a loanee, who had had five years possession, would hold him against the lender, although he had full knowledge of the circumstances.
It is very true, that the recording of a mortgage or dbéd' of trust, does not prevent its being assailed for fraud, but there is no evidence of fraud in this case but the purchasing with notice of the prior unrecorded deed, and, as that is warranted by law, it cannot be regarded as a fraud.
2. Our statute prescribes no time within which a deed or conveyance shall be recorded. Under such circumstances, a *16 party must have a reasonable time for that purpose, which is to be determined from the circumstances of each case ; and when a deed is recorded within a reasonable time, it has relation back to the time of execution. 4 Kent, 458. The question, whether the deed, in the present case, was recorded in a reasonable time, was not raised in the court below, nor was any evidence preserved in relation to it, except the mere dates of the respective deeds. The other judges concurring, the judgment will be affirmed.