## Wilson v. Milligan, *Appellant.*

1   **Unrecorded Chattel Mortgage:** PURCHASER WITH NOTICE.  A purchaser of personal property from a mortgageor in possession will hold it against the mortgage, if unrecorded, even though he had notice of it—at least, if it remains unrecorded an unreasonable length of time.

2.  **Sunday Sale:** SUBSEQUENT RATIFICATION.  A party having bought property on Sunday in consideration of an antecedent debt, during the succeeding week sent a receipt to the vendor for both the property and the debt.  *Held,* a ratification of the contract.

| 75 | 41 |
| 44a | 460 |
| 75 | 41 |
| 51a | 259 |
| 75 | 41 |
| 55a | 673 |
| 75 | 41 |
| 63a | 315 |
| 75 | 41 |
| 132 | 208 |

*Appeal from Greene Circuit Court.*—Hon. W. F. Geiger, Judge.

Reversed.

*Chas. A. Winslow* and *Boyd & Vaughan* for appellant.

*H. E. Howell* for respondent.

Norton, J.—This cause is here on the appeal of defendant from a judgment rendered in the Greene county circuit court, and involves as the principal question whether

an unrecorded mortgage of personal property, when the possession of the property remains with the mortgageor, can be enforced against a creditor who purchases the property with actual notice of the existence of the mortgage. An affirmative answer to this question affirms the judgment, and a negative answer reverses it. A negative answer was returned to the question by this court in the case of *Bryson v. Penix*, 18 Mo. 13, where it was held that the purchaser of personal property from a mortgageor in possession will hold against a prior unrecorded mortgage even though he had notice of it. This principle was re-affirmed in the case of *Bevans v. Bolton*, 31 Mo. 437. Judge Scott, who delivered the opinion in the case of *Bryson v. Penix*, *supra*, observed that the statute prescribes no time within which such mortgages shall be recorded, and that under such circumstances a party must have a reasonable time for that purpose, which is to be determined by the circumstances of each case; and where a deed is recorded within a reasonable time it has relation back to the time of execution. Conceding this doctrine to be authoritative for the purpose of this case, without giving it our sanction, looking at the facts disclosed by the evidence, that the mortgagee was in the county seat with free access to the recorder's office the day before he filed it for record, and having this opportunity to record it, not only failed to avail himself of it, but took it home with him, believing that it was not necessary to record it, plaintiff can take no benefit from the above principle. A mortgagee who has had both the time and opportunity to file his mortgage for record, and postpones doing so to a future time, cannot be said to have filed the same within a reasonable time; and the court committed error in instructing the jury that the mortgage in question was recorded in a reasonable time, and in refusing an instruction asked by defendant to the effect that under the evidence the mortgage was not recorded in a reasonable time. The instructions given by the court as to the validity of the mortgage as against defendant, not

being in harmony with the principle enunciated in the above cited cases, should have been refused, and those asked by defendant upon the validity of the mortgage as to defendant, should have been given.

As the errors noted necessarily lead to a reversal of the judgment, we deem it unnecessary to advert to the objection made that the verdict is not responsive to the issues made in the pleadings, as whatever of informality exists in this respect can be corrected on a re-trial.

The instruction given by the court to the effect that if defendant bought the property on Sunday in consideration of antecedent debts, and during the week subsequent to said Sunday sent his receipt to the vendor for the property as well as a receipt for the debt the mortgageor owed him previous to said Sunday, that such action was a ratification of the agreement, is not subject to the objections made to it. Except in the particulars noted, the case was properly tried. Judgment reversed and cause remanded, in which all concur, except RAY, J., absent.