WILLIAM WAY, Appellant, v. E. O. BRALEY, Defendant; HAWKS AND GLOVER, Interpleaders, Respondents.

St. Louis Court of Appeals, April 21, 1891.

Fraudulent Conveyances: CHATTEL MORTGAGE. A mortgagee of personal property remaining in the possession of the mortgagor has a reasonable time within which to record the mortgage, and the chattel mortgage, if recorded within such reasonable time, takes priority over a levy on the property made after the execution, but prior to the registry, of the mortgage. And *held* in this

cause, wherein the mortgage was executed on a Saturday at a place distant seventeen miles from the county seat, and was filed for record on the following Tuesday, that a finding was warranted that the instrument had been recorded within a reasonable time.

*Appeal from the Stoddard Circuit Court.* — HON. JOHN G. WEAR, Judge.

AFFIRMED.

*Houck & Keaton*, for appellant.

The finding of the court is against and contrary to the evidence in the case; the evidence is that the attachment was levied on the property in controversy before the mortgage was filed for record; so, as to the plaintiff, the mortgage was invalid and an absolute nullity under section 5176 of the Revised Statutes of Missouri. *Rawlings v. Bean*, 80 Mo. 614, 619, and cases cited.

*J. L. Fort*, for respondent.

There is no error in this record. The instruction given for the interpleaders is fully sustained by the decisions of our supreme court. 4 Kent's Comm. [12 Ed.] star p. 458; *Bryson v. Penix*, 18 Mo. 3; *Wilson v. Milligan*, 75 Mo. 41.

BIGGS, J.—This is a contest between the interpleaders, as mortgagees of certain personal property, and the plaintiff, as an attaching creditor of Braley, the mortgagor. The circuit court decided that the title under the chattel mortgage was superior, and the plaintiff in the attachment has appealed.

The cause was submitted to the court without the intervention of a jury. The interpleaders, to sustain their claim to the property, offered in evidence a chattel mortgage, dated April 14, 1888, executed by defendant, E. O. Braley, conveying the property in controversy to Hawks and Glover to secure a note dated April 14, 1888,

for the sum of $750, due one day after date, with power of sale in case of a default in the payment of said note, and providing that the property should remain in Braley's possession until default was made in the payment of the debt or interest. The mortgage was acknowledged before J. D. Shoemate, a notary public, on the fourteenth day of April, 1888, and was filed for record on the seventeenth day of April, 1888, at one o'clock and forty minutes, P. M. It was agreed by the parties that the fourteenth day of April, 1888, was Saturday, and that the attachment was issued and levied on the property mentioned in the chattel mortgage, as the property of E. O. Braley, on Monday, the sixteenth day of April, 1888 ; that the chattel mortgage was executed at Puxico, and that the property was situated near Puxico, in said county, and that it was seventeen miles to Bloomfield, the county seat, where the said chattel mortgage was filed for record.

Upon this evidence the court decided, as a matter of law, that the interpleaders had a reasonable time after the execution and delivery of the mortgage, within which to comply with the requirements of the registry laws ; and it then found as a matter of fact, that the interpleaders did within a reasonable time deposit their mortgage in the proper office for record. Whether the court was right in its rulings, is the only question for our consideration.

The plaintiff argues for a reversal upon the ground, that, as his attachment was prior in time to the recording of the mortgage, the lien thus acquired by him was superior in right. He plants himself upon the general doctrine announced by innumerable decisions to the effect, that an unrecorded chattel mortgage, where the possession of the property is retained by the mortgagor, is good against no one except the parties thereto.

The statute requires all such conveyances to be recorded, and expressly provides that, unless recorded,

they shall be invalid as to all other persons than the parties. But this statute, like all others, must be given a reasonable construction. Our supreme court in the case of *Bryson v. Penix*, 18 Mo. 13, decided that, as the statute prescribed no time within which such conveyance should be recorded, the holder in all cases had a reasonable time to comply with its requirements. It was said by Judge Scott, who delivered the opinion: "Our statute prescribes no time within which a deed or conveyance shall be recorded. Under such circumstances, a party must have a reasonable time for that purpose, which is to be determined from the circumstances of each case ; and when a deed is recorded within a reasonable time, it has relation back to the time of execution." This case was referred to by Judge Norton in the subsequent case of *Wilson v. Mulligan*, 75 Mo. 41. There the court declined to reaffirm this doctrine, but did not overturn it. The court, after quoting from Judge Scott in the *Bryson–Penix case*, said : "Conceding this doctrine to be authoritative for the purposes of this case, without giving it our sanction, looking at the facts disclosed by the evidence, that the mortgagee was in the county seat with free access to the recorder's office the day before he filed it for record, and, having this opportunity to record it, not only failed to avail himself of it, but took it home with him, believing that it was not necessary to record it, plaintiff can take no benefit from the above principle. A mortgagee, who has had both the time and opportunity to file his mortgage for record, and postpones doing so to a future time, cannot be said to have filed the same within a reasonable time."

In the case at bar it appears that the chattel mortgage was executed on Saturday at a place distant seventeen miles from the county seat, and that it was filed for record on the Tuesday following. These facts justified the finding of the circuit court, that the mortgage was filed for record within a reasonable time after its

delivery, and that the interpleaders' right to the property was not cut off or superseded by the levy of the writ of attachment.

The judgment of the circuit court will be affirmed. All the judges concur.