THE WM. W. KENDALL BOOT AND SHOE COMPANY,
Defendant in Error, v. JESSE F. BAIN *et al.*,
Plaintiffs in Error.

### Kansas City Court of Appeals, December 4, 1893.

1. **Lease**: LIEN ON GOODS FOR RENT. An unacknowledged and unrecorded lease, providing for a lien on the goods in the building as a security for the rent, will create no lien on such goods against third parties, even having knowledge of it.

2. **Appellate, Practice**: EVIDENCE: EXCEPTIONS. Objections to the admissions of evidence cannot be noticed on appeal unless exceptions are saved.

*Appeal from the Mercer Circuit Court.*—HON. G. D.
BURGESS, Judge.

AFFIRMED.

*Harber & Knight* for plaintiffs in error.

(1) As the goods had not been removed from the demised premises they were subject to the payment of the rents. Taylor on Landlord and Tenant [5 Ed.], secs. 558, 583; *O'Hara v. Jones*, 46 Ill. 288. (2) According to the covenants in the lease, defendant's measure of damages is the full amount of the unpaid rent for the full term of the lease, otherwise the measure of damages is the difference between the rent defendant Hall was to receive under the lease, and the rents actually received from the subsequent tenants, and necessary changes in order to re-rent. *Respine v. Porta*, 26 Pac. Rep. (89 Cal. 464) 967; *Ledoux v. Jones*, 20 La. Ann. 540; *Bloomer v. Merrill*, 29 How. Pr. 259; *Randall v. Thompson*, 1 Texas, App. 1102; *Aver v. Penn*, 44 Am. Rep. (99 Pa. St. 370) 114; Gear on

on Landlord and Tenant, secs. 128, 176; Field on Damages, 523; *Buck v. Lewis*, 46 Mo. App. 227; *Bowen v. Clark*, 29 Am. S. Rep. 625 and note.   (3) The lease read in evidence between defendant Hall and J. W. Campion, created a valid lien or mortgage on all the property in the storeroom, and plaintiff, having notice thereof, took subject to this lien, although not recorded.   *McCafferty v. Wooden*, 22 Am. Rep. 644 and note; *Hadden v. Knickerbocker*, 22 Am. Rep. 80; *Perkins v. Gibson*, 24 Am. Rep. 644; *Wisner v. Ocumpaugh*, 71 N. Y. 113; *Fejavary v. Broesch*, 35 Am. Rep. 261; *Wright v. Bircher*, 5 Mo. App. 322; *Atteway v. Hoskinson*, 37 Mo. App. 132; *Pennock et al. v. Coe*, 23 How. Pr. 177; *United States v. Railroad*, 12 Wall. 362; *Butt v. Ellett*, 19 Wall. 544; *Everman v. Babb*, 24 Am. Rep. 682.

*Karnes, Holmes & Krauthoff* for defendant in error.

(1) The lease from Hall to Campion did not create a valid lien or mortgage on the property in the storeroom.   It was neither acknowledged or recorded, and Campion retained the possession of the goods.   It is therefore void at law as against a purchaser from Campion in possession, even though the purchaser knew of the existence of the lease.   *Heywood v. Waring*, 4 Camp. 291, 295; *Rawlings v. Bean*, 80 Mo. 614; *Sweet v. Pyn*, 1 East. 4; *Hughes v. Menefee*, 29 Mo. App. 192, 203; *Moreau v. Detchemendy*, 18 Mo. 522; Revised Statutes, 1889, sec. 5176; 1 Jones on Liens, sec. 544; *Houx v. County of Bates*, 61 Mo. 391, 393.   (2) The evidence is conclusive that plaintiff was in possession of property at the time of the levy, and hence the judgment awarding it the possession thereof should be affirmed. Where the verdict of the jury is so manifestly for the

right party the judgment will not be reversed.    Revised
Statutes, 1889, sec. 2303; *Fitzgerald v. Barker*, 96 Mo.
661; *Bushey v. Glenn*, 107 Mo. 331, 334.

ELLISON, J. — Plaintiff brought an action of
replevin against defendants in which they claimed the
property in, and right of possession to, a lot of mer-
chandise.  The defendant, Bain, is the sheriff |and
claimed to hold the property, under a writ of attach-
ment sued out by defendant Hall.  There was a verdict
for defendant Hall, finding that he had an interest in
the property to the amount of $45, and he appeals to
this court.  The case was here on another occasion
and will be found in 46 Mo. App. 581.

It seems that one Campion was indebted to plain-
tiffs, who are wholesale dealers, for the purchase price
of merchandise (mostly that now in controversy), that
he was unable to pay them and that they sent their
agent with authority to settle the indebtedness by
taking in payment thereof the merchandise in question.
This agent and Campion agreed that Campion would
turn the goods over to plaintiff's agent for them and did
so.  They had invoiced and boxed them up and had
carried all, or the greater part of them, into the rear
room of the retail establishment where they were
kept, when the sheriff levied the attachment aforesaid.

The attachment suit was founded on a claim
against Campion for rent of the building; Campion
having leased the building of defendant Hall for a
term of years, the term being not nearly expired at
the time of the attachment.  This lease provided that
defendant Hall should have a lien on the goods which
might be in the building from time to time for the
rent reserved.  It was not acknowledged or recorded
though there was evidence tending to show that
plaintiff's agent knew of it and of its provisions.

There was evidence tending to show that Campion turned the goods over to plaintiff's agent with the understanding that plaintiff was to pay defendant Hall the rent then due, amounting to $45.

Defendant Hall's claim is that he was not only entitled to the rents already due when the goods were sold to plaintiff, but to the rents which would thereafter become due under the lease. He claims that he had a lien on the goods by reason of the provision in the lease to that effect.. The trial court refused to adopt that theory and instructed the jury, at the instance of plaintiff, that if they found for defendants they could only find the amount of rent due at the time of the commencement of the suit.

It is very clear that the lease being neither acknowledged or recorded created no lien on the goods, even against those who had knowledge of it. This phase of defendant's case is so fully covered by our decision in *Hughes v. Menefee*, 29 Mo. App. 192, that the reasons therein stated need not be again set down here. There is no' doubt that whatever assumption of rent there was by plaintiff, was of rent then due, and indeed it might be well argued that this was but the *personal obligation* of plaintiff to pay that amount of .the rent as an indebtedness of plaintiff, and in no way attaching itself to this property.- This, however, is not in the case, and is not decided, as plaintiff is not complaining. Defendant Hall having no lien on the property as against this plaintiff cannot effect this plaintiff in. its claim as purchaser. He cannot charge the property as against them whatever he might do as against Campion himself. We entertain no doubt as to the correctness of the view taken by the trial court of this part of defendant's case.

Defendants objected to certain testimony being admitted by the trial court. The record fails to show

that he saved any exceptions to the ruling, and we cannot therefore notice the complaint. *Sawyers v. Drake*, 34 Mo. App. 472.

The instructions given for plaintiff are in harmony with what was determined by this court when the case was here on the former appeal. The judgment will be affirmed. All concur.