**STANDARD COMPUTING SCALE CO. v. ADAM (two cases).**

**In re ASEL.**

(Circuit Court of Appeals, Eighth Circuit. March 5, 1923.)

Nos. 6176 and 230, Original.

1. **Chattel mortgages ⊂⊃155, 197(2)—Unrecorded mortgage of property in mort-
gagor's possession invalid, even against persons with actual notice.**

    Under Rev. St. Mo. 1919, § 2256, providing that no chattel mortgage
shall be valid against third persons, unless possession of the mortgaged
chattels be retained by the mortgagee, or the mortgage be recorded in
the county of mortgagor's residence, an unrecorded mortgage is invalid

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as against.even third persons, who at the time of dealing with mortgagor had actual knowledge of the mortgage, subject only to the qualification that the mortgagee is entitled to reasonable time in which to record mortgage.

2. **Bankruptcy** ⊜⟹184(2)—**Customs and usages** ⊜⟹19(1)—**Delay in recording renders mortgage. invalid against intervening creditors; delivery presumed on purchase.**

Where computing scales were sold to bankrupt and mortgages thereon executed by him May 10, but the mortgages were not recorded until June 16, and in the intervening time credits were extended, the claims for which are yet unpaid and are now presented in bankruptcy, the unexplained delay in recording the mortgages was unreasonable, and under Rev. St. Mo. 1919, § 2256, the mortgages are void as to such creditors; the court indulging the presumption that the general custom of delivering chattels at the time of purchase was the course of dealing here.

Appeal from and Petition to Revise Order of the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Proceedings in the matter of Arthur Asel, bankrupt, in which the Standard Computing Scale Company intervened, claiming property of the bankrupt under chattel mortgage, to which August E. Adam, the bankrupt's trustee objected. From an order of the District Court, affirming a ruling of the referee in bankruptcy denying such claim, the intervener appeals and petitions to revise. Affirmed.

J. M. Dodson, of Kansas City, Mo., for appellant and petitioner.

James B. Nourse, of Kansas City, Mo., for appellee and respondent.

Before STONE, Circuit Judge, and BOOTH and JOHNSON, District Judges.

STONE, Circuit Judge. This is a petition to revise and an appeal· from an order of the trial court, for the Western district of Missouri, affirming a ruling of a referee in bankruptcy denying the lien of chattel mortgages on two computing scales belonging to the bankrupt and denying delivery of such scales to the mortgagee. The issues involved. in this review are such that the petition to revise will be dismissed and the appeal will be considered upon its merits.

The ruling of the referee was that the chattel mortgages were in-, effective against those giving· credit to the mortgagor during the period of time between the making of and the recording of the mortgages.

[1] The applicable law is that the Missouri statute (section 2256, R. S. Mo. 1919) provides that no chattel mortgage shall be valid as to third persons unless possession of the chattel be retained by the mortgagee or the mortgage be recorded in the county where the mortgagor resides. The Supreme Court of Missouri has strictly construed and rigidly enforced this statute, even where the third party affected had actual knowledge of the existence of the mortgage at the time he dealt with the mortgagor. The only relaxation of this position by that court is found in the statement, in opinions, that a reasonable time, under the existing circumstances, is allowed for recordation. What constitutes such reasonable time depends upon the facts of each case.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

As to the above legal propositions see Wilson v. Milligan, 75 Mo. 41, Bevans v. Bolton, 31 Mo. 437, and Bryson v. Penix, 18 Mo. 13. This protection, as to credits intervening the making and recording, has been steadily maintained by the Missouri courts. Landis v. McDonald, 88 Mo. App. 335. Also see In re Bennett, 264 Fed. 533 (D. C. W. D. Mo.); Becker Co. v. Gill, 206 Fed. 36, 124 C. C. A. 170 (this court); McElvain v. Hardesty, 169 Fed. 31, 94 C. C. A. 399 (this court).

[2] The facts to which the above law is here to be applied are as follows: These scales were purchased and the mortgages thereon executed May 10, 1921. The mortgages were recorded June 16, 1921. In the intervening time, credits, yet unpaid and presented in this bankruptcy proceeding, were extended. No reason is shown for this delay in recording the mortgages. The appellant argues, here, that it is not shown when the scales were delivered to the bankrupt. The evidence is entirely barren of direct testimony as to when this delivery was made. However, the matter was treated before the referee and the trial court as though delivery were coincident with purchase. No contention or evidence by appellant, who must have known the date of delivery, appears anywhere in the transcript although there is evidence as to delivery of another scale, not here involved. Without discussing whether the burden of showing this fact was upon appellant to sustain his mortgages or upon appellee to defeat the mortgages, we think that the custom of delivering chattels at the time of purchase is so general that we are justified, in the absence of any testimony on the matter, in indulging the presumption of fact that such was the course of dealing here. 22 C. J. 103, and citations in notes 68, 69, and 70; 22 C. J. 105, and citations in note 20; Kincaid v. Kincaid, 8 Humph. (Tenn.) 17.

The referee and the trial court found this unaccounted for delay in recording the mortgages to be unreasonable, within the meaning of the above Missouri statute and decisions. We see no reason to disturb this conclusion.

The decree is affirmed.