In re COOMBS.

No. 16174.

District, W. D. Missouri, W. D.

Aug. 14, 1940.

David Dabbs, of Kansas City, Mo., for bankrupt.

OTIS, District Judge.

The referee's certificate of review presents two questions (the questions are similar) as follows:

"(1) Whether the delay in filing a chattel mortgage for record with the recorder from October 22, 1938 to October 25, 1938, was an unreasonable delay, October 22nd being a Saturday, October 23rd a Sunday, October 24th a Monday and the mortgage being filed at 9 a. m. on October 25th a Tuesday.

"(2) Whether the delay in filing a chattel mortgage for record with the recorder from December 24, 1938, to December 28, 1938, was an unreasonable delay, December 24th being a Saturday, December 25th being Christmas and a Sunday, December 26th being a Monday following Christmas on which the recorder's office was closed, December 27th being a Tuesday and December 28th the date the mortgage was recorded being a Wednesday. The mortgage was recorded on December 28, 1938, at 9 A. M."

It was the opinion of the referee that: "The delays from October 22 to October 25 and December 24 to December 28, with the legal holidays intervening upon which the recorder's office was closed, were not unreasonable and were justified under the circumstances." The referee held that the claims of the mortgagee were valid even as against creditors selling to the mortgagor before the chattel mortgages were recorded.

The Missouri Statute (now Section 3097, R.S.Mo.1929, Mo.St.Ann. § 3097, p. 1919) provides that: "No mortgage * * * of personal property hereafter made shall be valid against any other person than the parties thereto, * * * unless the mortgage or deed of trust, or a true copy thereof, shall be filed in the office of the recorder of deeds of the county where the mortgagor or grantor executing the same resides * * *; and such recorder shall indorse on such instrument or copy the time of receiving the same * * *."

Now, if this statute is literally interpreted, a chattel mortgage is not valid against other persons than the parties to it except from the time when it is recorded. Very early in the history of Missouri, however, the statute was judicially construed to mean that a chattel mortgage not only was valid against other persons than the parties from the time when it was actually recorded, but retroactively to the time of its execution, *provided it was recorded within a reasonable time after its execution.* Bryson v. Penix, 18 Mo. 13; Wilson v. Milligan, 75 Mo. 41.

It was in the cases just cited (and there has never been any departure from them in subsequent Missouri decisions) that the phrase "reasonable time" as used in this connection originated and became fixed in the interpretation of the statute. In the first of the cases the Supreme Court of Missouri said: "Our statute prescribes no time within which a deed or conveyance shall be recorded. Under such circumstances, a party must have a reasonable time for that purpose, which is to be determined from the circumstances of each case; and when a deed is recorded within a reasonable time, it has relation back to the time of execution." In the second of the cases the Supreme Court said, after citing the Bryson case and quoting its language, that where a mortgagee was in the county seat with free access to the recorder's office on the day before he actually filed the mortgage for record, if he had the opportunity to file it on the day before he filed it, he cannot claim that he has filed it within a reasonable time. "A mortgagee," said the court, "who has had both the time and opportunity to file his mortgage for record, and postpones doing so to a future time, cannot be said to have filed the same within a reasonable time."

It seems to me to be clear from these opinions that what was meant by the court when it spoke of a "reasonable time" was that the mortgagee, if he is to have a retroactive application of the statute to the time of the execution of the mortgage, must have filed it for record with no more delay than such time as is reasonably necessary after its execution to present it for filing. So, as in the Wilson case, if the mortgage is executed in the county seat, within a few blocks of the recorder's office, the only time reasonably necessary for recording the mortgage would be the hour or two required to walk

to the courthouse and record the mortgage. In the Wilson case the Supreme Court said that a day's delay was in excess of such reasonable time.

Understanding the phrase "reasonable time", as I have suggested here it ought to be understood, the problem presented by the present certificate for review is simple enough. Here the mortgage was executed within one mile of the recorder's office. The time reasonably necessary to have taken it to the recorder's office and to have recorded it could not have been more than an hour or two hours. Several days elapsed before it actually was recorded. Even omitting holidays, Sundays and half holidays, the time permitted to elapse certainly was far more than reasonably was necessary.

I have not adverted to other matters which were suggested upon the argument of this petition to review the referee's order. I have, however, considered those matters and have resolved them in favor of the trustee.

The order of the referee of allowing the claim of A-B-C Fireproof Warehouse Company is vacated and set aside.

So ordered.