## UNITED STATES HOFFMAN MACHINERY CORPORATION v. LAUCHLI.

### No. 13025.

Circuit Court of Appeals, Eighth Circuit.

July 11, 1945.

Joseph Chused, of St. Louis, Mo. (Kramer & Chused, of St. Louis, Mo., on the brief), for appellant.

Malcolm I. Frank, of St. Louis, Mo., for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order disallowing certain claims filed in a reorganization proceeding as secured claims. There are two claims involved. One is for a balance of $645 and interest, due on the purchase price of two Hoffman pressing machines. The other is for a balance of $3692.36 and interest, due on the purchase price of one vacuum still, one screen pressure filter, two dry cleaning extractors and one washer.

Objections filed by the trustee were on the ground that the chattel mortgages given to secure these claims were not promptly recorded as required by the Missouri statute, and that creditors had in the meantime

extended credit to the debtor, Schuck Cleaning & Dyeing Company, and that the credit thus extended had not been liquidated.

As to the claim for $645, it appears that the debtor, Schuck Cleaning & Dyeing Company, about October 8, 1943, entered into an agreement with appellant for the purchase of two Hoffman pressing machines. The sales price was $880 and sales tax of $17.60, making a total of $897.60. A down payment of $97.60 was agreed upon, and two old pressing machines of the agreed value of $125 were to be accepted as part of the purchase price. A chattel mortgage for the balance, dated October 8, 1943, was executed and delivered by the debtor. The new machines were delivered to the debtor October 27, 1943. There was delay in delivery to appellant of the two old machines to be accepted as part payment of the purchase price because Andrew Varvares, the debtor's president, claimed he could not make delivery. The check for $97.60, given as the down payment, was not paid until November 10, 1943, although duly presented for payment. In December, 1943, the representative of appellant, at St. Louis, notified its Chicago office that he could not pick up the old machines. It is claimed the chattel mortgage was mailed to the Recorder of Deeds at St. Louis, Missouri, on December 30, 1943. It was, however, marked "Filed January 13, 1944."

Section 3486 of the Revised Statutes of Missouri 1939, Mo.R.S.A., reads in part as follows:

"No mortgage or deed of trust of personal property hereafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee or cestui que trust, or unless the mortgage or deed of trust be acknowledged or proved and recorded in the county in which the mortgagor or grantor resides, in such manner as conveyances of land are by law directed to be acknowledged or proved and recorded, or unless the mortgage or deed of trust, or a true copy thereof, shall be filed in the office of the recorder of deeds of the county where the mortgagor or grantor executing the same resides, and in the case of the city of St. Louis, with the recorder of deeds for said city * * *."

■ It was the contention of appellant in the trial court, and it renews the contention here, that the chattel mortgage was filed within a reasonable time after its execution in view of the attending circumstances. Appellant asserts no claim based on the fact that the mortgage was a purchase money mortgage. Trigg v. Vermillion, 113 Mo. 230, 20 S.W. 1047. It is well settled by the decisions in Missouri that a chattel mortgage which has been withheld from record until a subsequent creditor extends credit to the mortgagee is void as to such creditor, and such creditor need not prove affirmatively that he was deceived by the failure to record, nor need he show that there was actual fraud or an agreement to withhold. Bryson v. Penix, 18 Mo. 13; Collins v. Wilhoit, 108 Mo. 451, 18 S.W. 839; Barton v. Sitlington, 128 Mo. 164, 30 S.W. 514; Dobyns v. Meyer, 95 Mo. 132, 8 S.W. 251, 6 Am.St.Rep. 32; State v. O'Neill, 151 Mo. 67, 52 S.W. 240; Standard Computing Scale Co. v. Adam, 8 Cir., 287 F. 347; Hodiamont Bank v. Livingstone, 8 Cir., 35 F.2d 18; In re Coombs, D.C.Mo., 37 F.Supp. 495.

■ While the statute does not fix a definite time within which the chattel mortgage must be recorded, the Missouri decisions hold that it must be recorded within a reasonable time after its execution. Bryson v. Penix, supra; Wilson v. Milligan, 75 Mo. 41. What is a reasonable time for that purpose is to be determined from the circumstances of each case. If the instrument is recorded within a reasonable time, it relates back to the time of its execution. There is a presumption that the chattel mortgage was delivered on the date it bears. Wigmore on Evidence, 3rd Ed., Sec. 2520; Collins v. Streitz, 9 Cir., 95 F.2d 430. The next date of importance is October 27, 1943, when the property was delivered to the Schuck Cleaning & Dyeing Company. Until the property was actually delivered no other creditor would claim to have extended credit on the belief that the Cleaning & Dyeing Company was the owner of the property. It is observed, however, that there is no claim that the mortgage was put in the channels of delivery to the recorder until December 30, 1943, and it was not filed in the recorder's office until January 13, 1944. Under the statute the date of mailing is not controlling, if indeed material. The statute requires that the instrument be filed and that the recorder of deeds endorse on the instrument the time of its receipt, and the presumption is, in the absence of any proof to the con-

trary, that the officer performed his duty. Even if we should accept the date of mailing as tantamount to the date of filing, we think the delay was unreasonable. The property sold had been in the hands of the mortgagor for more than two months before it is claimed the chattel mortgage was mailed to the recording officer. The time of withholding from record was clearly unreasonable. Wilson v. Milligan, supra; In re Coombs, supra.

■ The policy of the Missouri statute is to require prompt filing. The creation of apparent unincumbered ownership for even a comparatively short time finds no favor in the Missouri decisions. It is argued that the mortgage could not have been recorded, although executed, until all acts to be performed by the mortgagor had been performed, and that one of the acts to be performed was the delivery of the used machines. The sale was not a cash sale. There was a down payment and the chattel mortgage represented the balance due, and when the machines were delivered to the mortgagor, so far as creditors were concerned, the transaction was a completed one and no act of either of the parties would alter the status of the chattel mortgage to the detriment of such creditors. Hodiamont Bank v. Livingstone, supra. Whatever rights the mortgagee may have had because of the failure of the mortgagor to turn over the old machines, to outward appearances at least the transaction was a completed one. The new machines were delivered and the mortgagee retained the benefit of the chattel mortgage. The Missouri cases do not accept as circumstances excusing filing of a chattel mortgage personal inconvenience or risk of financial loss. The pertinent circumstances are such as bear upon the time reasonably to be allowed for the physical act of filing. General Motors Acceptance Corporation v. Coller, 6 Cir., 106 F.2d 584.

■ As to the other claim for $3692.36, the agreement of sale of the property described in the chattel mortgage was that the purchase price, including sales tax, would be $3792.36. A down payment of $100 was to be made. Payment of $362.36 on a bill of lading was to be made when the last two pieces were delivered to the Cleaning & Dyeing Company, and a chattel mortgage for $3330 was to be executed covering the balance. The down payment of $100 was made and the chattel mortgage dated April 5, 1944, was executed and delivered. The last two described items of machinery were shipped April 8, 1944, from Louisville, Kentucky. The date of their arrival in St. Louis is not shown. The bill of lading payment of $362.36, which the debtor had agreed to make, was never made and the carrier did not deliver to the Cleaning & Dyeing Company the two pieces covered by the bill of lading. Efforts were made to have the debtor pay but promises to do so were not kept. About April 28, 1944, appellant's attorney advised it to close the sale as to the three delivered items, to accept and file the chattel mortgage, and then attempt to work out a deal as to the undelivered items. Accordingly, on April 28, 1944, the chattel mortgage was mailed to the Recorder of Deeds at St. Louis and it was filed by the Recorder on May 1, 1944. Subsequently the last two pieces of equipment were taken by appellant from the carrier and it has possession of them. There is evidence of credit extended to the debtor at various times from September 19, 1943, through April, 1944. The trial court held that this mortgage was not filed within a reasonable time after its execution. It affirmatively appears that it was delivered to the mortgagee on April 5, 1944. The date of the delivery of the three machines does not affirmatively appear, but there is a presumption that chattels are delivered at the time of purchase. Standard Computing Scale Co. v. Adam, supra. The down payment and the delivery of the mortgage appear to have been the closing features of the transaction and these occurred on April 5, 1944, the time of the purchase. The machinery was specifically identified by number in the chattel mortgage and the mortgage contains the statement that the appellant grants, sells, conveys and confirms unto the debtor the described property. Then, in the same instrument, the property is mortgaged for the balance of the purchase price. Apparently appellant withheld the chattel mortgage from record pending disposition of the two machines which it now has in its possession. For reasons already stated, these circumstances, we think, did not excuse the delay of nearly one month between the date of the execution of the mortgage and the date it was filed for record.

The order appealed from is therefore affirmed.