In the Matter of **ALTON MILK COMPANY**, a corporation, Bankrupt.

No. 2691.

United States District Court
W. D. Missouri, S. D.

Dec. 13, 1957.

Richard Farrington, Springfield, Mo., for trustee.

Adolph K. Schwartz, St. Louis, Mo., for F. T. Ammann & Co.

R. JASPER SMITH, District Judge.

On May 17, 1957, the Alton Milk Company was adjudged a bankrupt. On September 5, 1957, F. T. Ammann & Company filed proof of claim based upon a balance allegedly due under two promissory notes. The notes were executed by the bankrupt for the purchase of certain machinery and equipment, and were secured by two chattel mortgages covering the purchased goods. The unpaid balance for which F. T. Ammann & Company asserts its claim is in the amount of $8,464.41.

The trustee objected to the allowance of this creditor's claim as a preferred and secured one, urging that by reason of the creditor's unreasonable delay in recording them, the mortgages were not valid as to the many creditors of bankrupt intervening subsequent to their execution, but prior to their recording.

On October 4, 1957, the Referee denied the creditor's security, and allowed its entire claim as an unsecured, general claim. Within the required ten days period, F. T. Ammann & Company filed with the Referee, pursuant to Section 67, sub. c, Title 11 U.S.C.A., a petition for review of the October 4th order.

■ The trustee has addressed to me, as reviewing District Judge, a motion to dismiss the petition for review, predicated upon F. T. Ammann's alleged failure to comply with Section 67, sub. c, supra, in that, although it filed its petition for review with the Referee within ten days, it neglected to serve a copy of the petition upon the trustee within that period. The motion raises an issue of procedural compliance, and were I to sustain it the petitioning creditor would be denied an adjudication on the merits of its petition because of a procedural technicality. Furthermore, the law bearing upon the point raised is equivocal, In re Loring, D.C., 30 F.Supp. 758; In re Madonia, D. C., 32 F.Supp. 165; In re Albert, 2 Cir., 122 F.2d 393, but sufficiently clear for it to be understood that failure to serve a copy of the petition upon a trustee or other adverse party does not deprive me of jurisdiction over the subject matter. Since I believe my determination of the merits of the petition for review will eliminate the trustee's necessity for pressing the question of procedural noncompliance, I deny the motion to dismiss without deciding the merits and without prejudice to the trustee, and proceed to a consideration of the issue certified by the Referee for my review.

The facts as they appear from the record reveal that on August 15, 1955,

the bankrupt executed to petitioning creditor a chattel mortgage, securing an original indebtedness of $5,170.54. The mortgage was acknowledged September 9, 1955. Another chattel mortgage was executed June 1, 1956, to secure an additional indebtedness in the amount of $6,225.00. This second mortgage was acknowledged June 8, 1956. F. T. Ammann & Company did not record these two chattel mortgages until November 15, 1956, a delay after execution of about fifteen and six months, respectively. The trustee states under oath that between the date of execution and the time of recording there were "many" intervening creditors.

■ The Referee held that the delays in recording the mortgages were unreasonable, and therefore, made them invalid as to intervening creditors. The effect of delay in recording a chattel mortgage is, of course, purely a question of local law. As a general rule, the law of the state where the chattel involved is located at the time of the execution of the mortgage determines the requisites for proper recording. Matter of Custer, D.C., 55 F.2d 718; Hartford Accident and Indemnity Co. v. Coggin, 4 Cir., 78 F.2d 471; Schaeffer v. Casey, 9 Cir., 77 F.2d 808. Missouri law controls us here. Section 443.460, V.A.M.S., provides in part:

"No mortgage * * * of personal property hereafter made shall be valid against any other person than the parties thereto, * * * unless the mortgage * * * be acknowledged or proved and recorded in the county in which the mortgagor * * * resides, * * * or unless the mortgage * * *, or a true copy thereof, shall be filed in the office of the recorder of deeds of the county where the mortgagor * * * executing the same resides * * *."

This section, and the cases construing it, afford a reasonable time for recording a

chattel mortgage. United States Hoffman Machinery Corp. v. Lauchli, 8 Cir., 150 F.2d 301; Standard Computing Scale Co. v. Adam, 8 Cir., 287 F. 347; In re Coombs, D.C., 37 F.Supp. 495; Ozark Acceptance Corp. v. Yellow Truck & Coach Mfg. Co., Mo.App., 137 S.W.2d 965; Brunswick-Balke-Collender Co. v. Kraus, 132 Mo.App. 328, 112 S.W. 20. What is a reasonable time must necessarily be calculated from the facts of a particular case. If the instrument is recorded within a reasonable time, its record relates back to the time of execution. On the other hand, the cases cited above, and numerous others, hold that a chattel mortgage which has been withheld from record an unreasonable length of time is void as to all creditors who have intervened between the date of execution and that of recording. Similarly, a mortgage void as to creditors because of a delay in recording is invalid as against a trustee in bankruptcy. Section 110, sub. e(1), Title 11 U.S.C.A. In such case, the trustee may assert the rights of the creditors whose claims arose during the unreasonable interval between the execution of the mortgage and its recording. General Motors Acceptance Corp. v. Coller, 6 Cir., 106 F.2d 584; Matter of Francino's Grill, Inc., D.C., 26 F.Supp. 856.

In this case the Referee concluded that a delay of fifteen months and six months, respectively, in recording the two chattel mortgages executed by the bankrupt was unreasonable, and consequently, the mortgages were void as to intervening creditors. Present Missouri authority supports the Referee's conclusion. United States Hoffman Machinery Corp. v. Lauchli, supra; Exchange Bank of Kahoka, Mo. v. Morgan, 8 Cir., 222 F. 2d 567.

The mortgages are void, therefore, as to the intervening creditors. They are also void as to the trustee. The decision of the Referee is affirmed. It is so ordered.