CECELIA FIFER, Appellant, v. SARAH J. McCARTY and SAM S. HILLER.

**Division One, May 31, 1912.**

1. **ACKNOWLEDGMENT: Not Conclusive.** A certificate of acknowledgment to a deed is not conclusive of the facts recited therein, but may be rebutted by evidence showing a different state of facts from those recited.

2. ————: ————: **Quantum of Proof.** The proof to rebut the truth of the recitals in the certificate of acknowledgment to a deed is not required to be such as to remove all reasonable doubt as to the falsity of the officer's certificate. The proof must be clear, cogent and convincing; and that means the same as saying it must be made by "a clear and decided preponderance of the evidence" or by "clear and satisfactory" proof.

3. **EQUITY CASE: Deference to Chancellor: Conflict in Oral Testimony.** The Supreme Court try a suit in equity *de novo* and reserve to themselves the right to satisfy their own consciences. But this reservation does not preclude them from yielding in a measure to the judgment of the trial court where the testimony is oral, and there is a sharp conflict therein and the credibility of the witnesses play an important part in a determination of the weight of the evidence.

Appeal from Clark Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*J. A. Whiteside* and *W. T. Rutherford* for appellant.

(1) The certificate of acknowledgment is not conclusive, and may be rebutted by other competent evidence. R. S. 1909, sec. 2820; Bohan v. Casey, 5 Mo. App. 111; Ray v. Crouch, 10 Mo. App. 321; Riecke v. Westenhoff, 10 Mo. App. 358; Biggers v. Bldg. Co., 9 Mo. App. 210; Morrison v. McKee, 11 Mo. App. 594; Brocking v. Straat, 17 Mo. App. 296; Wannell v. Kem, 57 Mo. 480; Sharpe v. McPike, 62 Mo. 300; Steffen v. Bauer, 70 Mo. 399; Clark v. Edwards, 75 Mo. 87; Belo v. Mays, 79 Mo. 71; Drew v. Arnold, 85 Mo. 128;

Webb v. Webb, 87 Mo. 541; Addis v. Graham, 88 Mo. 197; Hammond v. Gordon, 93 Mo. 223; Rust v. Goff, 94 Mo. 511; Mays v. Pryce, 95 Mo. 604; Pierce v. Georger, 103 Mo. 540; Barrett v. Davis, 104 Mo. 549; Comings v. Leedy, 114 Mo. 454; Elliott v. Sheppard, 179 Mo. 382; Engine Co. v. Donovan, 147 Mo. 622; Albright v. Stevenson, 227 Mo. 333. (2) The degree of proof required to impeach the certificate of acknowledgment is, that there must be a "clear and decided preponderance of the evidence" against the truthfulness of the certificate. Cases, supra. (3) Under the evidence adduced, the plaintiff is not estopped to maintain this suit, nor is she guilty of laches. R. E. Co. v. Lindell, 142 Mo. 50; Gindrat v. Railroad, 19 L. R. A. 839; 24 Cyc. 840; 12 Am. and Eng. Ency. Law (1 Ed.), p. 533; 16 Cyc., pp. 153, 155, 167, 679, 706; Bartlett v. Kauder, 97 Mo. 361; Howell v. Jump, 140 Mo. 441; Blodgett v. Pury, 97 Mo. 263; Gentry v. Gentry, 122 Mo. 221; City v. Lumber Co., 98 Mo. 613; Scmitchfield v. Sauter, 119 Mo. 615; Foote v. Saunders, 72 Mo. 616; Sturgeon v. Hampton, 88 Mo. 214; Allison v. Chaney, 63 Mo. 279; Cockrill v. Hutchinson, 136 Mo. 74; Reinhard v. Mining Co., 107 Mo. 627; Smith v. Ingram, 61 L. R. A. (N. S.) 878. (4) Neither the ten nor twenty-four years Statute of Limitations prevent plaintiff's recovery. Salmon v. Davis, 29 Mo. 176; Keith v. Keith, 80 Mo. 127; Thomas v. Black, 113 Mo. 68; Sulton v. Casseleggi, 77 Mo. 397; Jones v. Manly, 58 Mo. 559; Brown v. Moore, 74 Mo. 633; State v. Moore, 61 Mo. 280; Hall v. French, 165 Mo. 430; Hunt v. Searcy, 167 Mo. 184; Dysart v. Crow, 170 Mo. 274; Graham v. Ketchum, 192 Mo. 25; McCarry v. King's Heirs, 39 Am. Dec. 171. (5) The record of the deed in question did not impart notice to plaintiff. Crockett v. Maguin, 10 Mo. 29; Dingman v. McCullum, 47 Mo. 373; Morley v. Staley, 54 Mo. 419; Tydings v. Pitcher, 82 Mo. 384; Sessenderfer v. Kemp, 83 Mo. 588; Ford v. Church, 120 Mo.

511; Railroad v. View, 156 Mo. 617; 16 Cyc. 706; Dugal v. Fryer, 3 Mo. 40; Reinhard v. Mining Co., 107 Mo. 627; Smith v. Ingram, 61 L. R. A. (N. S.) 878; 24 Am. and Eng. Ency. Law, p. 146.

*Berkheimer & Dawson* and *Charles Hiller* for respondents.

(1) While equity cases are tried in the appellate courts *de novo* and the appellate court is not bound by the findings of fact *nisi*, but unless otherwise constrained by the record the court usually yields to the finding of facts so made. Benne v. Schnecko, 100 Mo. 250; Mathias v. O'Neil, 94 Mo. 530; Berry v. Hartzell, 91 Mo. 138; Springer v. Kleinsorge, 83 Mo. 159; Bushong v. Taylor, 82 Mo. 309; Chouteau v. Allen, 70 Mo. 336; McKinney v. Northcraft, 114 Mo. App. 146; Albright v. Stephenson, 227 Mo. 345. (2) The unsupported testimony of the grantor cannot overthrow the certificate of the officer taking the acknowledgment if the same conforms to the statute. Biggers v. Bldg. Co., 9 Mo. App. 210; Biggers v. Westenhoff, 10 Mo. App. 258; Ray v. Crouch, 10 Mo. App. 321; Elliot v. Sheppard, 179 Mo. 382; Young v. Duvall, 109 U. S. 573; Llicking v. Hardin, 65 Ill. 505; Pringle v. Dunn, 37 Wis. 449; Phillips v. Bishop, 35 Neb. 487; Landers v. Boulton, 26 Cal. 606; Walter v. Weaver, 57 Tex. 569; Deter v. Glasgo, 79 Pa. St. 79; Fitzgerald v. Fitzgerald, 100 Ill. 386; Harding v. Harding, 65 Ill. 505. (3) The character of the evidence to impeach the certificate of the officer taking the acknowledgment and certifying thereto must be so clear, convincing as to amount to a moral certainty and beyond all reasonable doubt. 1 Am. and Eng. Ency. Law (2 Ed.), p. 560; Elliot v. Sheppard, 179 Mo. 382; Sweiger v. Sweiger, 58 W. Va. 119; Young v. Duvall, 109 U. S. 573; Chivington v. Colo. Springs Co., 9 Colo. 597; Brady v. Cole, 164 Ill. 116; Marden v. Dorothy, 12 App. Div.

(N. Y.) 188; Warwick v. Hull, 102 Ill. 280; Jett v. Rodgers, 12 Bush. (Ky.) 564; Smith v. Ward, 1 Am. Dec. 80; Bank v. McCarty, 149 N. Y. 71; Thresher Co. v. Donovan, 147 Mo. 622; Commings v. Leedy, 114 Mo. 454; Barrett v. Davis, 104 Mo. 549; Pierce v. George, 103 Mo. 540; Mays v. Price, 95 Mo. 603; Rust v. Goff, 94 Mo. 511; Webb v. Webb, 87 Mo. 540; Drew v. Arnold, 85 Mo. 128; Belo v. Mayes, 79 Mo. 67; Clark v. Edwards, 75 Mo. 87; Steffin v. Bauer, 79 Mo. 396; Sharp v. McPike, 62 Mo. 300; Wannell v. Kemm, 57 Mo. 458; Brocking v. Stratt, 17 Mo. App. 304; Morrison v. McKee, 11 Mo. App. 594; Riecke v. Westenhoff, 10 Mo. App. 358; Biggers v. Building Co., 9 Mo. App. 210. (4) Where the evidence is conflicting, a slight corroboration of the grantor is insufficient to overthrow the certificate of the officer taking the same. Kerr v. Russell, 18 Am. Rep. 634; Bank v. McCarty, 149 N. Y. 71; Hetter v. Glasco, 79 Pa. St. 79. (5) The court should receive the oral evidence in this case with great caution to impeach the regular certificate of the officer taking the acknowledgment, especially in this case where the date of the deed and acknowledgment shows it was executed, acknowledged and recorded more than twenty-six years ago. The officer who took same is long since dead as well the husband of Mrs. McCarty, who would have been a competent witness for her. Ringo v. Richardson, 53 Mo. 394; 1 Ency. Evid., pp. 610, 611. (6) The acknowledgment to an instrument carries with it the adoption of the signature. Tunnison v. Chamblin, 88 Ill. 378; Bank v. McCarty, 54 N. Y. 577; Vanfossen v. McGuire, 23 Iowa, 300. (7) The certificate of the officer taking the acknowledgment could not be impeached by the testimony of the husband and wife alone. Miller v. Marx, 52 Ala. 322; Smith v. McGuire, 67 Ala. 34; 1 Ency. Evid., 206. (8) The presumptions in favor of officers doing their duty apply to an officer taking acknowledgments of instruments. Addis v. Green-

baum, 88 Mo. 199. (9) It is not essential that the grantor sign the deed and it is competent for the wife to affix her name by her husband as any other person. 2 Jones on Real Estate Conveyancing, sec. 1014, p. 8; . First v. Deering, 21 Me. 156; Bartlett v. Drake, 100 Mass. 174.

GRAVES, P. J.—Action in equity to set aside a quitclaim deed to certain lands in Clark county on the ground that the name of plaintiff was forged thereto, and to set aside a subsequent deed made by the grantor in the alleged forged deed to defendant Hiller. The salient facts pleaded and proven fall within a comparatively small compass. The answers are (1) a general denial; (2) the ten and twenty-four year Statutes of Limitations, (3) laches and estoppel by laches.

Thomas J. Singleton, formerly of Clark county, Missouri, was the father of plaintiff and the husband of defendant McCarty. In 1881 he died testate; and by his will his lands were devised to his wife for life, with a remainder in fee to an undivided half thereof to the plaintiff in this case.

In 1882 the quitclaim deed in dispute was acknowledged before a justice of the peace in that county, but was not delivered to Mrs. Singleton, the widow, until the day of her marriage to McCarty in the year 1883. The deed was duly recorded shortly after its delivery. All parties interested were residents of Clark county. The fight *nisi* centered upon the question of forgery or no forgery. Defendant McCarty claims to have purchased the interest of plaintiff in the lands in dispute, and to have paid for it with a cow and two horses, the stipulated consideration being three hundred dollars. Upon material points the evidence was conflicting, but the trial court solved the conflicts by a judgment for defendants, from which the plaintiff has appealed. Such is an outline of the case.

I. The quitclaim deed is regular upon its face as is the acknowledgment of the justice attached thereto. Under our statute, section 2820, Revised Statutes 1909, and the case law of this State, the certificate of acknowledgment is not conclusive proof of the facts recited therein. [Albright v. Stevenson, 227 Mo. 340, and cases cited therein.] The certificate can be rebutted by evidence showing a different state of facts from those recited in the certificate. The case law only differs upon the quantum of proof required. In this State some of the cases require the proof to be "clear, cogent and convincing" and others say that it must be made by "a clear and decided preponderance of evidence" and still others say that such proof should be "clear and satisfactory." In some other States the proof must be such as to remove all reasonable doubt as to the falsity of the officer's certificate. Suffice it to say that our rule is not so broad. We have to consider the statute in fixing the rule as to the quantum and character of proof. Whilst as above indicated we have expressed the rule in verbiage somewhat different, yet the meaning is the same. In other words, before we will hold for naught the certificate of acknowledgment, the proof must be clear, cogent and convincing. As we gather from the briefs, counsel do not materially differ as to the rule. It might be gathered from appellant's brief that counsel were of opinion that the Albright case, supra, relaxed the rule, but if such is the view of counsel he is in error. That case must be read in the light of the facts in judgment. There the officer taking the acknowledgment was the party accused of the forgery and was the real beneficiary of the instrument forged. Having fixed upon the rule of law, we take other questions presented.

II. Defendant invokes the doctrine that we should yield somewhat to the judgment of the trial

court upon disputed facts. We have often said in equity cases that we will defer somewhat to the judgment of the chancellor below, because of the fact that he is really in better position to judge of the credibility of the witness. On the other hand we have also said that in equity cases we will speak from our own conscience and not from that of the chancellor, *nisi*. The latter doctrine we have usually announced in cases wherein we were impressed with the idea that the facts proven did not justify the judgment and decree of the lower court. The fact, however, remains that in equity cases we try the cases *de novo* and reserve to ourselves the right to satisfy our own conscience. This reservation, however, does not preclude us from yielding in a measure to the judgment of the trial court in cases where there is sharp conflict in the evidence, and wherein the credibility of the witnesses play an important part in the determination of the quantum and weight of the proof. To my mind this is a case peculiarly within the rule contended for by the defendants. There is sharp conflict between the witnesses upon material points. The trial court saw these witnesses. He observed their demeanor upon the stand. He not only heard their language, but he saw their facial expression. He evidently thought some of them had not measured up to the full standard required of them by the oath administered to them. Others he evidently gave credit. We have gone over the record and are not prepared to say he was wrong. In such case we can well yield in deference to the judgment below.

III. But in this case we need not invoke this rule. The evidence strikes us as it did the lower court. The defendant McCarty is an old woman. She was above seventy at the date of the trial. It is urged that she is contradicted as to the person from whom she actually received the deed. She said it was handed to

her by Mr. Whiteside, and in this we think she is mistaken. It must have been some other lawyer. That she got the deed and placed it on record there is no question. That she thought she got it from Mr. Whiteside, is evident, because Mr. Whiteside was of counsel against her, and she knew the statement could be denied at the time she made it. It was denied and we think that the lapse of twenty-six years furnishes the explanation. We have no doubt that she thought she got the deed from Mr. Whiteside, when in fact she got it from some other person with whom it had been left by the plaintiff's husband to be delivered to her.

Now going to other facts in this case. When defendant McCarty got her deed she immediately placed it of record, and this too, in the face of the fact that the plaintiff and her husband lived in the county, and not far distant from the county seat. This is not the act of one guilty of forgery or of one cognizant of forgery. For twenty-six years she remained in the county and a part of the time lived in plaintiff's home. She was the stepmother of plaintiff. Her conduct is not shown to be that of a wrongdoer. The deed she could not produce, but says that her trunk was broken open while in the custody of plaintiff's husband, and this deed abstracted. The husband of the plaintiff does not deny signing this deed or one like it. Neither is it denied that the defendant contracted for plaintiff's interest in the land and actually turned over one horse which was sold by plaintiff's husband for $135. Plaintiff, it is true, claims that she refused to sign the deed, and defendant demanded the note and got it.

Going now to the other side of the case. It is admitted by plaintiff that she learned of this deed in August, 1907, yet she says nothing about the forgery for a year thereafter. She says she learned it from Mr. McCarty, the husband of defendant, but awaits

his death before she makes the charge of forgery. Recalling the date in 1907, when plaintiff found out about the deed, let us look at some further facts. In February, 1908, after the death of Mr. McCarty, we find defendant McCarty at plaintiff's house. We find her trunk broken into and the original deed taken. We find the plaintiff and her husband trying to induce the old woman to buy a house and have the deed made so as to give her a life estate and to them the remainder in fee. Failing in this, we find that a sanity inquiry was begun, and this failing the present suit was brought. Upon the facts the court below did right.

We might go further. The justice of the peace was long since dead. The man who bought the horse and gave the note above mentioned, was long since dead. The husband alleged to be the party giving the information to plaintiff about the alleged forged deed, was permitted to die before the charge of forgery was preferred. Nearly twenty-six years had elapsed since the deed had been placed of record, and its contents as well as its signatures thereby disclosed to the world. We shall not do it, but, if need be, the rules of evidence might be relaxed in this case. In the case of Richards v. Elwell, 12 Wright (Pa.) l. c. 367, a distinguished jurist said: "There is a time when the rules of evidence must be relaxed. We cannot summon witnesses from the grave, rake memory from its ashes, or give freshness and vigor to the dull and torpid brain." How fitting to the case at bar. After twenty-six years an old woman is charged with forgery. A justice of the peace, dead for eighteen years, is charged with violating the trust imposed upon him by the law. Other most material witnesses gone to the great beyond. Under such circumstances why not relax the rigid rules of evidence? But we do not say we will relax these rules in this case. We are not called upon to do so. Viewed from all the bear-

ings, the facts and circumstances in evidence measure up to the usually required standard, and justify fully the decree rendered by the learned chancellor presiding in the lower court. The decree was for the right party and we affirm it. All concur.