222 F.2d 567
 EXCHANGE BANK OF KAHOKA, MISSOURI, Appellant,
v.
Eugene B. MORGAN, Trustee in Bankruptcy of Werner Smith Kemmer, d/b/a Kemmer Motor Freight Service, Bankrupt, and H. T. Smith and Hannibal-Quincy Truck Line, Inc., Creditors, Appellees.
 No. 15185.
 United States Court of Appeals Eighth Circuit.
 June 3, 1955.
 Rehearing Denied June 24, 1955.
 
 Branham Rendlen, Hannibal, Mo. (Rendlen & Rendlen, Hannibal, Mo., were on the brief), for appellant.
 G. R. Breidenstein, Kahoka, Mo., for appellees.
 Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.
 THOMAS, Circuit Judge.
 
 
 1
 This is an appeal by a claimant in a bankruptcy proceeding from a judgment and order of the United States District Court for the Eastern District of Missouri. The order appealed from affirmed an order of the referee which allowed the claim filed by appellant, Exchange Bank of Kahoka, Missouri, for $1,612 as a secured claim, and for $3,634.80 as an unsecured claim. The total claim was for $5,182.33 and interest. Appellant's contention is that its claim should be allowed in full as a secured claim.
 
 
 2
 The circumstances involved may be stated briefly. The bankrupt, Werner Smith Kemmer, was engaged in the motor freight business at Kahoka, Missouri, and he did his financing at the appellant bank. Robert C. Hiller was president of the bank; his brother, Allen T. Hiller, was vice-president and cashier; and another brother, Craig Hiller, was attorney for the bank.
 
 
 3
 At a conference at the bank between Kemmer, the bankrupt, and the president and cashier of the bank shortly before Christmas, 1948, Kemmer agreed to bring to the bank certificates of title to three additional units of motor equipment which, with the motor equipment upon which the bank had chattel mortgages, were to be included in a new chattel mortgage to secure a note of $7,500, which Kemmer and his wife were to give to the bank.
 
 
 4
 Thereafter Kemmer took the certificates of title to the three additional units of motor equipment to the bank. He was then told that as soon as the chattel mortgage and note were prepared he would be notified and he and his wife could come to the bank and execute them. The cashier of the bank took the certificates and the existing chattel mortgages to Craig Hiller, attorney for the bank, to prepare the new note and chattel mortgage. The new chattel mortgage was to cover the equipment included in the existing chattel mortgages and the three additional units. The attorney immediately prepared the new chattel mortgage and delivered it to the cashier of the bank. The attorney inserted in both the chattel mortgage and the acknowledgment the date December 24, 1948. Kemmer and his wife did not go to the bank on that date to execute the papers, but they went to the bank on the afternoon of January 15, 1949, and executed the chattel mortgage and note for $7,500. This sum was credited to the account of Kemmer in the bank, and Kemmer signed a check to pay the principal and accrued interest on the notes held by the bank. Other checks issued by Kemmer to creditors were cashed; and the chattel mortgage was then recorded in the office of the county recorder at 4:20 p. m. on January 15, 1949. On January 17, 1949, the three chattel mortgages which the bank had held securing Kemmer's notes were cancelled and released. These notes were marked "Renewed, not Paid," and returned to Kemmer. Allen T. Hiller, the cashier of the bank, who conducted these negotiations, died in August, 1949.
 
 
 5
 On October 6, 1950, Kemmer, doing business as Kemmer Motor Freight Service, filed his petition in bankruptcy, and was adjudicated bankrupt on October 10, 1950. Prior to that time he had made payments of interest and principal on the note so that on January 11, 1951, the bank filed its claim for a balance due of $5,182.33 with interest at 6% from August 25, 1950, and for a 10% attorney fee. The bank filed its claim as a secured claim and asked that its mortgage be foreclosed.
 
 
 6
 The $1,612 secured by the three chattel mortgages given prior to the execution of the $7,500 note was allowed as a secured claim, and the unpaid balance in the sum of $3,634.80 was denied the status of a secured claim by the referee and his decision was affirmed by the court.
 
 
 7
 The referee and the court held that the chattel mortgage dated December 24, 1948, was effective on that day, and that the delay in filing it for record until January 15, 1949, was an unreasonable length of time, and credit having been extended to the bankrupt during that period, which credit remains unliquidated, and for which claim has been filed in the bankruptcy proceeding, the chattel mortgage does not constitute a valid lien, as against the trustee in bankruptcy, on the automotive equipment described in the mortgage but which was not described in the three prior mortgages. Citing § 3486 Mo.R.S.A. (RSMo 1949, § 443.460); Bryson v. Penix, 18 Mo. 13; Wilson v. Milligan, 75 Mo. 41; United States Hoffman Machinery Corp. v. Lauchli, 8 Cir., 150 F.2d 301; In re Coombs, D.C.Mo., 37 F.Supp. 495; Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133; Buffum v. Peter Barceloux Co., 289 U.S. 227, 53 S.Ct. 539, 77 L.Ed. 1140.
 
 
 8
 Section 443.460, RSMo 1949, V.A.M.S., reads in part as follows:
 
 
 9
 "No mortgage * * * of personal property hereafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged * * * property be delivered to and retained by the mortgagee * * * or unless the mortgage * * * shall be filed in the office of the recorder of deeds of the county where the mortgagor * * * resides, * * *."
 
 
 10
 There is also a presumption that the chattel mortgage was delivered on the date it bears. Barrett v. Davis, 104 Mo. 549, 16 S.W. 377; Fifer v. McCarty, 243 Mo. 42, 147 S.W. 833; United States Hoffman Machinery Corp. v. Lauchli, 8 Cir., 150 F.2d 301, 302; Wigmore on Evidence, 3d Ed., § 2520.
 
 
 11
 This, however, under Missouri law, is a rebuttable presumption. As declared by Mr. Justice Lamm of the Supreme Court of Missouri in Mackowik v. Kansas City, St. J. & C. B. R. Co., 196 Mo. 550, 94 S.W. 256, 262: "`Presumptions * * * may be looked on as the bats of the law, flitting in the twilight, but disappearing in the sunshine of actual facts.'"
 
 
 12
 Here the fact is undisputed that the note and chattel mortgage involved were not actually executed and recorded until January 15, 1949. The mortgage is void, therefore, as to the intervening creditors. It is void also as to the trustee. 11 U.S.C.A. Bankruptcy, § 110, provides: "* * * (e) (1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is * * * voidable * * * by any creditor of the debtor." Clearly this statute is applicable to the situation here.
 
 
 13
 It follows that the decision of the referee approved by the court must be and it is accordingly
 
 
 14
 Affirmed.