## THE BRUNSWICK-BALKE-COLLENDER COM-PANY, Respondent, v. KATHERINE KRAUS, Appellant.

### Kansas City Court of Appeals, June 29, 1908.

1. **CORPORATION:** Pleading: Evidence: Variance. Where a party is a corporation the place of incorporation is an immaterial allegation; and an allegation that it is a corporation of one State followed by proof showing it a corporation of another State is not a fatal variance.

2. **CHATTEL MORTGAGE:** Recording: Diligence: Evidence. On the evidence in this case it is held that proper diligence was not used in recording a chattel mortgage.

3. ———: ———: Prior Creditor: Possession. If a mortgage be recorded or the mortgagee take possession of the property before a prior creditor obtains a lien thereon or changes his position in relation thereto, the mortgage is valid as to him.

Appeal from Nodaway Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*J. C. Growney* for appellant.

(1) The statute requires that every action shall be prosecuted in the name of the "real party in interest." R. S. 1899, sec. 540. Appellant's demurrer to the evidence at the close of respondent's case should have been sustained and error was committed by the court in refusing to do so. State to use v. O'Neal, 151 Mo. 89; Reichenbach v. Ellerba, 115 Mo. 594; Lee v. David, 11 Mo. 114; Kingsland & Ferguson v. Chrisman, 28 Mo. App. 308; Bank v. Ragsdale, 158 Mo. 668; Felix v. Bevington, 52 Mo. App. 407; Williams v. Kirk, 68 Mo. App. 462. (2) A mortgagee who has had both time and opportunity to file his mortgage for record and fails to do so cannot be said to have filed the same within a

reasonable time, when afterwards filed.   Wilson v. Milligan, 75 Mo. 42; Way v. Braley, 44 Mo. App. 460; Hughes v. Menefee, 29 Mo. App. 203.   (3) Respondent offers no excuse for the withholding of the mortgage from record.   The statute is imperative in requiring the mortgage to be recorded or possession be taken.   R. S. 1899, sec. 3404; Bevans v. Bolton, 31 Mo. 443.   (4) The chattel mortgage in this case was not filed for record until after appellant's rights attached to the property and consequently it was fraudulent and void as to her.   Bank v. Powers, 134 Mo. 446; Barton v. Sittington, 128 Mo. 175; Revised Statutes 1899, sec. 3404; Collins v. Wilhoit, 108 Mo. 458; Bevans v. Bolton, supra; Landis v. McDonald, 88 Mo. App. 339; Harrison & Calhoun v. Min. Co., 95 Mo. App. 84; Dry Goods Co. v. Brown, 73 Mo. App. 253-4; Abbott v. Goodwin, 20 Me. 408; Berghoff v. McDonald, 87 Ind. 550; Rodes et al. v. Haynes, 33 S. W. 564; Leeds v. Reed, 36 S. W. 347; Holly v. Brown, 14 Conn. 255.

*W. W. Ramsay, B. R. Martin* and *W. E. Wiles* for respondent.

(1)   Respondent contends that the record in this case shows it to be the only real party in interest, that the appellant tried the case upon that theory in the lower court, that the discrepancy in the allegation of respondent's petition and its proof is not a material variance such as to prejudice the appellant upon the merits.   R. S. 1899, secs. 655 and 656; State v. Boogher, 8 Mo. App. 600; Real Estate Co. v. Realty Co., 159 Mo. 562; Albin v. Railroad, 103 Mo. App. 317; Hoyt v. Quinn, 20 Mo. App. 72; Bank v. Westlake, 21 Mo. App. 565.   (2)   Respondent was entitled to a reasonable time in which to place its chattel mortgage of record.   Way v. Braley, 44 Mo. App. 457.   (3) Respondent contends that the record in this case shows that the appellant was a prior creditor of the mortgagor,

Wilke, at the time the agreement was made to substitute the property in controversy in the place of the property described in appellant's lease; that said agreement was not in writing but was verbal and oral; that appellant did not take into her possession any of the property by virtue of said agreement when the same was entered into; that she did not acquire any right or lien thereon, and therefore, respondent's chattel mortgage being placed of record a long time prior to any attempt on her part to take possession of this property is valid against her.    Greeley v. Reading, 74 Mo. 309; Dobyns v. Meyers, 95 Mo. 132; McIntosh v. Smiley, 107 Mo. 377; McIntosh v. Smiley, 32 Mo. App. 125; Donk v. Stevens, 74 Mo. App. 39; Drug Co. v. Self, 77 Mo. App. 284; Landis v. McDonald, 88 Mo. App. 335; Harrison & Calhoun v. Mining Co., 95 Mo. App. 85, S. C., 106 Mo. App. 36.

BROADDUS, P. J.—This is an action of replevin, wherein plaintiff claims possession of certain articles of the value of $1,250, consisting of five billiard tables and six pool tables and their appurtenances.  The plaintiff claimed a special interest in said property by reason of a chattel mortgage thereon executed by one O. W. Wilkie, as the conditions in the mortgage had been broken.  On the 14th day of September, 1906, the defendant took possession of said property and had possession thereof at the time of the commencement of this suit.

On and prior to September 1, 1905, the defendant was the owner of a certain brick building situated in the town of Maryville, Missouri, on which day she leased to said Wilkie and one O. T. Smith a room therein for the period of one year beginning on the 4th day of September, 1905; to be used for a billiard and pool room on condition that they were to pay as rental for said room $25 per month payable on the last of

each month. It was provided in said lease that all their property situated in said building consisting of five billiard and pool tables and appurtenances should be subject to a lien to secure the payment of all said rents. On the 4th day of December, 1905, the said lessees went into possession of the room in the building and occupied it to the 14th of September, 1906, when defendant took possession. Between December 29, 1905, and January 3, 1906, the said lessees removed their billiard and pool tables described and placed therein the property in controversy upon which O. W. Wilkie had placed said mortgage to secure the payment to the plaintiffs the purchase price thereof, which was executed on the 29th day of December, 1905, and filed for record on the 3rd day of January, 1906. The defendant claims that during the interim between the 29th of December, 1905, and January 3, 1906, that she entered into a verbal agreement with O. W. Wilkie whereby she permitted him to move the billiard and pool tables described in her lease from the building and that whereby the property in controversy was substituted for the same for the purpose of securing her rent. She claims that this agreement was made without knowledge or notice of plaintiff's chattel mortgage and before the same was placed on record and that therefore the same is invalid as to her. The finding and judgment were for the plaintiff from which defendant appealed.

The defendant seeks to reverse the cause on two grounds, viz.:

First, that the plaintiff's suit was not shown to have been prosecuted in the name of the real party in interest; second, that under the evidence the finding and judgment should have been for defendant.

The petition stated that plaintiff "is a corporation existing under and by virtue of the laws of the State of Illinois. The mortgage read in evidence under which

plaintiff claims title is made to *The Brunswick-Balke-Collender* Company, a corporation existing under and by virtue of the laws of the State of Ohio, of the city of Chicago, State of Illinois." The contention of defendant is that the mortgage shows that the plaintiff was a corporation of the State of Ohio, whereas the plaintiff is a corporation of the State of Illinois. A similar question arose in a recent case in this court, wherein we held that the place of incorporation was an immaterial allegations in the petition and mere surplusage. [Sands v. Marquardt, 113 Mo. App. 490.] This point must be ruled against the defendant. At most it is only technical.

The defendant contends, that as she made the agreement mentioned with Wilkie, the mortgagor within the five days from the date of the mortgage and its filing for record, without knowledge of its existence she had a prior lien upon the property for her rent. This raises the question whether under the circumstances plaintiff filed his mortgage for record within a reasonable time after it was executed. The statute requiring the recording of such instruments does not prescribe any particular time in which it shall be done, but the courts have given it the construction that the time in all such cases must be reasonable. [Way v. Brayley, 44 Mo. App. 457, and cases cited.] In this instance the mortgage was executed in Maryville the county seat on the 29th day of December, 1905, and not filed for record until five days later. There is no excuse given for the delay. We assume that the office of the recorder was at the county seat, where the mortgage was held by plaintiff's agent who could have filed the same for record at any time after its execution and prior to the 3rd day of January. It is obvious that the plaintiff did not use proper diligence to have its mortgage recorded. [Bank v. Powers, 134 Mo. 432.]

Section 3404, Revised Statutes 1899, providing

Brunswick-Balke-Collender Co. v. Kraus.

that such mortgages shall be void as to creditors unless they be acknowledged and recorded or possession of the mortgaged property be delivered to the mortgagee, has been construed to mean that "In case of prior creditors, if the mortgage be recorded, or the mortgagee takes possession of the property before such creditors obtain lien thereon, or changes his position in relation thereto, it validates the mortgage as to him." [Landis v. McDonald, 88 Mo. App. 335; Dobyans v. Meyer, 95 Mo. 132. The defendant by the verbal agreement with Wilkie the owner to substitute the property in controversy for that included in her lease did not thereby obtain a lien thereon as against other creditors and as she did not take possession thereof until long after plaintiff's mortgage had been recorded the same was valid as to her. [Harrison v. Mining Co., 106 Mo. App. 32.]

It follows therefore that the judgment of the court should be affirmed, and it is so ordered. All concur.

PER CURIAM.—On January 6, 1908, the foregoing opinion was rendered affirming the cause. On motion of appellant a rehearing was granted. The cause was reargued by appellant and again taken under advisement. After due consideration the court is convinced that the former opinion should be adhered to; therefore the cause is affirmed.