## PATTON v. AMERICAN HOME LIFE INS. CO. (No. 9655.)

(Court of Civil Appeals of Texas. Fort Worth. June 4, 1921. Rehearing Denied July 2, 1921.)

1. **Monopolies ⟨Key⟩20—Statutes held not contravened by insurance company selling its properties to another company.**

For a life insurance company, after determining to dissolve, to sell its properties to another such company, with provision that the other should underwrite its policies, does not contravene Rev. St. arts. 7796, 7797, as to trusts and monopolies; it not tending to prevent or lessen competition.

2. **Contracts ⟨Key⟩138(2) — Prohibited contract when executed by voluntary act of parties confers rights.**

Even if the contract whereby intervener acquired the note and properties of plaintiff were illegal as contravening the statute against monopolies, so that it could not be enforced in court, yet, it having been executed by voluntary act of the parties, its illegality would be no defense to the maker of the note when sued on the note by intervener.

3. **Pleading ⟨Key⟩35—Allegation of place of incorporation of intervener held immaterial and surplusage.**

Where, in the original petition in intervention seeking recovery on defendant's note, intervener was described as a Missouri corporation and in the amended petition as a Texas corporation, and the answer to the amended petition alleged intervener was a Missouri corporation, and on oral argument intervener's counsel stated that the allegation in the amended petition was an inadvertence, and that there was only one intervener and it a Missouri corporation, the allegation as to place of incorporation was surplusage and immaterial, and unavailing in support of defendant's contention that the Missouri corporation was not shown to be the owner of the note.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by the American Home Life Insurance Company against Frank Patton. From a judgment in favor of intervener, the International Life Insurance Company, defendant appeals. Affirmed.

Jas. A. Stephens, of Benjamin, and Ocie Speer, of Fort Worth, for appellant.

Bryan, Stone & Wade, of Fort Worth, for appellee.

BUCK, J. On October 14, 1914, the American Home Life Insurance Company, a Texas corporation, sued Frank Patton, to recover on a note in the principal sum of $4,375, dated July 1, 1909, and due July 1, 1914, and to foreclose a deed of trust lien on 275.3 acres of land in Knox county. By answer filed November 28, 1914, Frank Patton pleaded a gen-

eral demurrer, a general denial, and specially pleaded that the note was given for stock in the American Home Life Insurance Company, and that said stock was issued to plaintiff for the note, and that said transaction was prohibited by law, and therefore the contract was null and void. Other pleadings were filed by plaintiff and defendant, and on October 11, 1920, defendant alleged that plaintiff had dissolved as a corporation subsequent to the filing of the suit, and hence prayed that the suit be abated, and that he go hence without day. On September 25, 1917, the International Life Insurance Company, alleged to be a Missouri corporation, with a permit to do business in Texas, filed its plea of intervention, and alleged that the plaintiff sold defendant $6,250 worth of capital stock, and that defendant paid part cash therefor and secured a loan from the plaintiff to pay for $4,375 of balance, giving a deed of trust on the land described in plaintiff's petition to secure the same. Intervener further alleged that it was the owner and holder of this note and the lien to secure the same; the plaintiff "having sold, assigned, and delivered said note and deed of trust, together with all of the balance of its said property on the ―――― day of ――――, 191―." On October 11, 1920, intervener filed its amended petition, setting up substantially the same fact theretofore pleaded, and further alleged that the collection of the note had been placed in the hands of the attorneys of record here. In this petition intervener alleged that it was a Texas corporation. In answer to this plea defendant alleged that plaintiff and intervener had entered into an agreement whereby the plaintiff undertook to sell, transfer, and assign all of its physical properties, or the greater portion thereof, and whereby the intervener undertook to acquire such properties, for the purpose of preventing and lessening competition between said companies, and that said attempted contract and arrangement was and is, under the laws of Texas, a monopoly, and in violation of the law and was absolutely void, and that plaintiff (intervener?) acquired no right, title, or interest to the note sued on. Intervener answered by certain special exceptions, directed to defendant's plea of a monopoly, and further pleaded that, even though the plaintiff had not authority to sell, nor the intervener to acquire, such property, and such contract was in violation of the laws of the state prohibiting monopolies, said contract had been made and approved by the proper officers of the state, the commissioner of banking and insurance and the Attorney General, and that the title to the note thereby vested in the intervener, and the defendant could not question the validity of the title.

On October 11, 1920, a trial was had before the court, and the court overruled defend-

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ant's plea in abatement and the exceptions contained in defendant's answers, and gave judgment for intervener against defendant in the sum of $8,317.29, with interest on $4,375 at the rate of 10 per cent. per annum, and interest on $3,942.29 at 6 per cent. per annum, with costs of suit and a foreclosure of the deed of trust lien. The court further rendered judgment in defendant's favor against the plaintiff. From this judgment, the defendant has appealed.

The evidence in this case, principally introduced by the defendant, supports the conclusion that the American Home Life Insurance Company was desirous of going out of business and dissolving the corporation before any contract was entered into between it and intervener. On December 23, 1914, at a stockholders' meeting of the American Home Life Insurance Company, a vote was taken in favor of the dissolution of the insurance company, and the officers of the corporation were appointed to settle and wind up the affairs of the company—

"after which the different bids for the business of the American Home Life Insurance Company was [were?] read and explained to the stockholders of this company; and after the amount of such bids was so understood by the said stockholders resolution was duly and legally proposed that the bid of the International Life Insurance Company, of St. Louis, Mo., of $75,-000 for the insurance and business of this company and $500,000 for the other assets of this company, payable in cash, be accepted, and that all of such insurance and business and assets of this company, of every character, be properly transferred and delivered to said International Life Insurance Company, of St. Louis, Mo., which purchaser should assume all of the liabilities of the American Home Life Insurance Company."

This resolution was passed.

Article 7796 of our Civil Statutes defines a trust as a combination of capital, skill, or acts by two or more persons, firms, corporations, or associations of persons, or either two or more of them for purposes therein indicated.

Article 7797 provides:

"A monopoly is a combination or consolidation of two or more corporations when effected in either of the following methods:

"(1) When the direction of the affairs of two or more corporations is in any manner brought under the same management or control for the purpose of producing, or where such common management or control tends to create a trust as defined in the first article of this chapter.

"(2) Where any corporation acquires the shares or certificates of stock or bonds, franchise or other rights, or the physical properties, or any part thereof, of any other corporation or corporations, for the purpose of preventing or lessening, or where the effect of such acquisition tends to affect or lessen competition, whether such acquisition is accomplished direct-ly or through the instrumentality of trustees or otherwise."

[1] If plaintiff below had determined to dissolve, it certainly had the right to do so under the law, and the sale, under the circumstances, of its properties could not tend to prevent or lessen competition. It was right and proper for it to take care of its policy holders, and the provision in the contract between plaintiff and intervener that the latter would underwrite the former's policies could not in any way contravene the provisions of articles 7796 and 7797 of the statute. We think, under this view of the case, the judgment must be affirmed.

[2] But even though the contract by which intervener acquired the note and other properties of the plaintiff was illegal, it would not follow that intervener would be precluded from recovering on the note. Contracts which are illegal because prohibited by law are void, in that they are incapable of enforcement in courts of justice and will not support a remedy, and in that no legal obligation is incurred by either party; but they are not void in the sense that they do not confer legal rights, since they can be executed by voluntary acts of the parties, or through some means or agency other than the courts, and, when so executed, they may confer actual and irrevocable rights upon the parties. Hall v. Edwards (Com. App.) 222 S. W. 167; California Life Ins. Co. v. Kring, 208 S. W. 372; Wegner v. Biering, 65 Tex. 506. Upon this view of the case, the trial court's judgment must be affirmed. Intervener not seeking an enforcement of the contract alleged to be illegal, and not invoking it to sustain its cause of action here, such illegality would be no defense. 13 Corpus Juris, p. 511, § 467; Harriman v. Northern Security Co., 197 U. S. 297, 25 Sup. Ct. 493, 49 L. Ed. 763; Northern Securities Co. v. United States, 193 U. S. 197, 24 Sup. Ct. 436, 48 L. Ed. 679. Therefore we overrule the first and second assignments of error.

[3] As has been heretofore noted, intervener was alleged in its original petition to be a Missouri corporation, but in its amended petition it was alleged to be a Texas corporation. Defendant, on the same day intervener filed its amended petition, filed his amended answer, in which he alleged that the intervener was a Missouri corporation. On oral argument, counsel for intervener stated that the allegation in the amended petition to the effect that intervener was a Texas corporation was a mistake and an inadvertence, and that in truth and in fact there was only one intervener seeking to recover, and it was a Missouri corporation. We think the allegation as to the place of the incorporation was immaterial and mere surplusage, and that defendant's contention that the Missouri cor-

poration is not shown to be the owner of the note must be overruled. Houston Waterworks v. Kennedy, 70 Tex. 233, 8 S. W. 36; Sands v. Marquardt & Sons, 113 Mo. App. 490, 87 S. W. 1011; Brunswick-Balke-Collender v. Kraus, 132 Mo. App. 328, 112 S. W. 20. Therefore we overrule appellant's third, fourth, fifth and sixth assignments of error. Judgment of the trial court is affirmed.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes