GRAYBURG OIL CO. v. CORPUS CHRISTI GAS CO.

No. 1231.

Court of Civil Appeals of Texas. Eastland.
Feb. 16, 1934.

Rehearing Denied March 16, 1934.

Sawnie B. Smith and Ingrum & Morris, all of San Antonio, for appellant.

Templeton, Brooks, Napier & Brown and Harper Macfarlane, all of San Antonio, for appellee.

LESLIE, Justice.

. This suit was filed by appellant, Grayburg Oil Company, on March 12, 1926, in the county court of Bexar county, and was based upon an itemized sworn account. Citation issued immediately, was forwarded to the proper county, but returned not served. Other steps were taken to bring the defendant into court, but they were unsuccessful until after plaintiff's second amended petition was filed. The suit was tried February 14, 1933, on appellant's second amended original petition filed January 31, 1930, and appellee's original answer filed March 3, 1930. The trial was before the court without a jury, and judgment was rendered in favor of the defendant below upon the theory that the itemized sworn account was barred by the two-year statute of limitation. The appeal is prosecuted from this judgment.

After formal recitations in the judgment, which are here omitted, it is stated therein that the court "is of the opinion, and so finds, that the plaintiff's cause of action is a liquidated one based upon an itemized sworn account in all things verified, as required by law, to which the defendant has interposed no denial, but that plaintiff's cause of action here sued on is barred by the two years statute of limitation."

No findings of fact and conclusions of law were requested, and the record contains none. Therefore, we do not have the benefit of the specific theory upon which the court entered his judgment, except as that theory is gathered from the record. By its propositions the appellant contends the suit was commenced in due time to toll the statute of limitation, and that the suit was prosecuted with due diligence. By reference to the propositions, the statements contained thereunder, and the statement of facts, we find that the plaintiff's original petition, filed March 12, 1926, and its first amended petition, filed November 21, 1929, described the appellee, Corpus Christi Gas Company, as being a private corporation duly chartered and existing under and by virtue of the laws of the state of Texas, whereas, in truth and in fact, as shown in the appellant's second amended original petition, filed January 31, 1930, the appellee, Corpus Christi Gas Company, was a corporation duly chartered and existing under and by virtue of the laws of the state of Arizona.

It is an undisputed fact that the cause of action accrued on the 24th day of March, 1924, and it is the contention of the appellee, defendant below, that, by reason of the foregoing allegations in the plaintiff's original and first amended petition, it was not sued, or made a defendant at all, in this cause until the second amended original petition was filed January 31, 1930. If this be true, the judgment is correct and should be affirmed. Evidently the theory stated is the one upon which the court tried the case and rendered his judgment. That was the only theory reflected by the pleadings. The court's ultimate conclusion, however, is challenged by various propositions, the first one of which contends that, since the undisputed evidence showed that the plaintiff's cause of action accrued the 24th day of March, 1924, that the plaintiff regularly and in good faith filed its suit on its cause of action March 12, 1926, less than two years after the accrual of the cause of action, the same was not barred by the two-year statute of limitation, as found by the court.

We sustain this contention. It conclusively appears from this record that, although the plaintiff alleged the defendant to be duly incorporated under the laws of Texas in its first two petitions, and thereafter, in its second amended petition, alleged that the defendant was duly incorporated under the laws of Arizona, nevertheless, the same cause of action was presented in each petition without any variation whatever, and the same defendant, the Corpus Christi Gas Company, a private corporation, was sued throughout. In other words, there is no doubt that the identical cause of action was presented each time against the identical defendant. The allegation that the Corpus Christi Gas Company, a private corporation, was chartered under and

by virtue of the authority of the state of Texas, or the state of Arizona, was mere surplusage and descriptive terms which could have been omitted. Such matters were no part of the cause of action itself. It was not necessary for the plaintiff to allege the authority under and by virtue of which the defendant was chartered as a private corporation. Our Supreme Court has so held in the case of Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S. W. 36. It is there held: "The appellant was alleged to be a corporation, but how incorporated was not stated. The sufficiency of the petition in this respect was questioned by a special exception, as follows: 'Because it (the petition) fails to state by what authority this defendant was incorporated, or that it was incorporated by any authorized power.' The exception was properly overruled. This matter is regulated by statute, which does not require, when a corporation is defendant, that the petition should set out the charter, or allege by what authority the defendant was incorporated."

For other authorities in principle supporting the above conclusions, see Patton v. American Home Ins. Co. (Tex. Civ. App.) 233 S. W. 293; Houston & T. C. Ry. Co. v. Weaver (Tex. Civ. App.) 41 S. W. 846; J. L. Jones & Co. v. Darden (Tex. Civ. App.) 29 S.W.(2d) 479; Abilene I. T. & T. Co. v. Williams, 111 Tex. 102, 229 S. W. 847; Shepherd v. St. Louis Transit Co., 189 Mo. 362, 87 S. W. 1007; Brunswick-Balke-Collender Co. v. Kraus, 132 Mo. App. 328, 112 S. W. 20.

■ It is unnecessary for us to consider whether or not after the commencement of the suit due diligence was in fact shown on the part of the plaintiff in prosecuting the same under article 5526, R. S. 1925, which is a limitation statute requiring that certain causes of action "be commenced and prosecuted" within two years, etc. There was no pleading, or allegation whatever, challenging the diligence used by the plaintiff in this respect. There is some evidence bearing upon such an issue, but, without pleadings to support that phase of a possible bar of the action, such testimony would count for nothing. In fact, the only question of limitation presented by the defendant, appellee here, was alleged in this language: "That plaintiff's cause of action, if any it had, accrued more than two years before the defendant Corpus Christi Gas Company, an Arizona corporation, was made a party to this suit, and the same is barred by limitation, and this it is ready to verify."

By this plea, appellee assumed the burden of showing that the action was barred at the time the suit was commenced against it, and no issue was tendered that it may subsequently have become barred by failure to prosecute. Clearly, the suit was commenced within two years from the time the cause of action accrued, but, as noted, the pleading stops short of any allegation of lack of diligence, etc., on the part of the plaintiff in prosecuting the cause of action.

■ In this connection, it will be observed that article 5540, R. S. 1925, prescribes that "the law of limitation shall not be available in any suit unless it be specifically set forth by the party who in his answer invokes it as a defense." In view of this provision, limitation is not available to a litigant who does not specially allege it. It is firmly settled that the defense is waived if it is not interposed by a demurrer or plea. If the defense is not pleaded, evidence relative thereto is inadmissible. 28 Tex. Jur. § 191, p. 285, et seq.

The appellant's propositions presenting the questions considered are hereby sustained, and, for the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.