BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N v. SAMPSELL.

In re WHITEHEAD FOOD PRODUCTS CO., Inc.

No. 9472.

Circuit Court of Appeals, Ninth Circuit.

Aug. 21, 1940.

Rehearing Denied Sept. 28, 1940.

212

Louis Ferrari, of San Francisco, Cal., and Emund Nelson, Hugo A. Steinmeyer, and G. L. Berrey, all of Los Angeles, Cal., for appellant.

Craig & Weller, Frank C. Weller, and Thomas S. Tobin, all of Los Angeles, Cal. (George Gardner, of Los Angeles, Cal., of counsel), for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from an order of the district court confirming an order of a referee in bankruptcy declaring invalid a chattel mortgage on a number of automobiles of the bankrupt.

In August, 1938, appellant loaned the bankrupt $2,200 on a promissory note secured by the mortgage, which covered eleven automobiles. The mortgage was not filed with the Department of Motor Vehicles and the mortgagee registered as owner of the cars, as required by § 195 of the Vehicle Code of California, St.1935, p. 118, until some five months later, namely, on January 26, 1939. On the same day appellant obtained possession of all the automobiles except one and thereafter sold them for $1,197.

The mortgagor was adjudicated a bankrupt on February 1, 1939, on a petition filed that day. Later, and upon petition by the trustee, an order was issued requiring appellant to show cause why the mortgage should not be declared invalid. After a hearing the referee made an order adjudging the mortgage to be void and authorizing the trustee to sell the car in his possession, free of any lien.

The question presented is whether the delay in complying with the requirements of § 195 of the Vehicle Code rendered the mortgage invalid as against the trustee as the representative of creditors of the bankrupt who became such prior to the date of compliance. It may be observed in passing that there appear to be no creditors of the bankrupt whose claims arose after the filing of the mortgage and before the filing of the petition in bankruptcy.

The California courts have construed the general chattel mortgage recording statute (§ 2957 of the Civil Code, not

now applicable to motor vehicles) in pari materia with § 3440 of the Civil Code,[1] as requiring an immediate recording. Failure promptly to record renders the mortgage invalid as against all creditors who become such prior to the date of recording. Ruggles v. Cannedy, 127 Cal. 290, 53 P. 911, 59 P. 827, 46 L.R.A. 371; Noyes v. Bank of Italy, 206 Cal. 266, 274 P. 68. Such mortgage is, however, valid as between the parties thereto and as against creditors who become such subsequent to recording.

Appellant concedes this, but contends that § 195 of the Vehicle Code enacts a different rule as to mortgages of motor vehicles, and that delay in filing such a mortgage does not affect its validity. The argument is based upon a difference in the wording of the two statutes, that is, upon a supposed difference in meaning between the word "until", as used in § 195 of the Vehicle Code, and the word "unless", as used in § 2957 of the Civil Code.

§ 195 of the Vehicle Code provides: "Application for Chattel Mortgage. No chattel mortgage on any vehicle registered hereunder irrespective of whether such registration was effected prior or subsequent to the execution of such mortgage, is valid as against creditors or subsequent purchasers or encumbrancers *until* the mortgagee or his successor or assignee has deposited with the department, at its office in Sacramento, a copy of said mortgage * * *." (Emphasis supplied)

§ 2957 of the Civil Code provides:

"A mortgage of personal property or crops is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless:

"1. It is acknowledged, or proved and certified, in like manner as grants of real property;

"2. The mortgage, if of animate personal property other than crops growing or to be grown, is recorded in the office of the re-corder of the county where the mortgagor resides at the time the mortgage is executed, or in case the mortgagor is a nonresident of this State, in the office of the recorder of the county where the porperty mortgaged is located at the time the mortgage is executed."

■■ In effect, it would appear that the state courts have construed the word "unless", as used in § 2957, as the equivalent of "until", since a chattel mortgage, although not promptly recorded, is good as against creditors who become such subsequent to recording. See cases above cited. We are unable to discover a substantial difference in meaning between the two statutes. Giving effect to the rule announced in the decided state cases, it is fairly clear that the proper interpretation of § 195 of the Vehicle Code is that a mortgage on motor vehicles which is not promptly recorded is void as to creditors, and as to subsequent purchasers and encumbrancers, whose interests arise prior to the date of compliance with the statute. This construction is in harmony with the declared policy of the state hostile to secret liens. Calif.Civil Code § 3440; Ruggles v. Cannedy, supra; Noyes v. Bank of Italy, supra; Washington Lumber & Millwork Co. v. McGuire, 213 Cal. 13, 14, 1 P.2d 437.

■ We are unable to agree with the holding in In Re Wiegand, D.C.Cal., 27 F. Supp. 725, upon which appellant relies. The court there reached the mistaken conclusion that the words "unless" and "until", as used in these statutes, have essentially different meanings. Furthermore, it seems to have overlooked the fact that, in California, a creditor may attack his debtor's mortgage even though he is unable to perfect a lien until after the mortgage has been recorded or the mortgaged property has passed into the hands of the mortgagee. See Ruggles v. Cannedy, supra; Noyes v. Bank of Italy, supra; Chelhar v. Acme Garage, 18 Cal. App.2d Supp. 775, 61 P.2d 1232.

Affirmed.

---

[1] "Every transfer of personal property, other than a thing in action, or a ship or cargo at sea or in a foreign port, and every lien thereon, other than a mortgage, when allowed by law, and a contract of bottomry or respondentia, is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any persons on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or encumbrancers in good faith subsequent to the transfer * * *."