**MERCANTILE TRUST CO. et al.**
**v. KAHN.**

No. 14675.

United States Court of Appeals
Eighth Circuit.

April 23, 1953.

Harold I. Elbert, St. Louis, Mo. (Edgar H. McCulloch and Thompson, Mitchell, Thompson & Douglas, St. Louis, Mo., were with him on the brief) for appellant.

Meyer M. Kahn, trustee in bankruptcy, filed brief pro se.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Missouri in a bankruptcy proceeding. The order appealed from affirmed an order of the referee denying the reclamation petition of the appellant.

The material facts are not in dispute. On October 18, 1949, Max Klein executed a promissory note for $1,678.32 payable in installments to Thoms Pontiac, Inc., of 5225 Delmar Boulevard, St. Louis, Missouri. The note was secured by a chattel mortgage on a 1949 Pontiac automobile purchased from Thoms Pontiac on that date. The appellant Mercantile Trust Company purchased the note and mortgage from Thoms on October 19th, and on October 21st appellant mailed the mortgage to the Recorder of Deeds of St. Louis County, Missouri, and the Recorder received and recorded it on October 25, 1949. The reason for the delay from October 21st to October 25th is not shown. October 21, 1949, was on Friday and October 25th was on Tuesday.

On October 16, 1949, C. W. Marks Shoe Company of Chicago sold a pair of shoes to the bankrupt on open account for $4.64, and the shoes were delivered and accepted on October 20th.

On October 19, 1949, Barack Shoe Company of St. Louis, Missouri, extended credit to the bankrupt for $72.25, and on October 24, 1949, for $130.60.

Both of these creditors filed claims against the bankrupt estate.

The mortgaged automobile was left at all times in the possession of the bankrupt until he filed a voluntary petition in bankruptcy on February 11, 1950, after which it came into the possession of Meyer M. Kahn, Trustee.

In its reclamation petition filed March 29, 1950, the appellant prays that the trustee be directed to surrender possession of the mortgaged automobile to appellant.

The referee denied the petition, the court affirmed, and this appeal followed.

The reclamation petition was denied on the ground that the chattel mortgage given by the bankrupt was not promptly recorded as required by the Missouri law and as a result it was invalid against the intervening claims of C. W. Marks Shoe Company and Barack Shoe Company and that under federal law it is void in its entirety against the claim of the trustee.

We think the authorities abundantly sustain these findings of the referee which were adopted and confirmed by the court.

Section 3486 of the Revised Statutes of Missouri 1939, V.A.M.S. § 443.460, provides that "No mortgage * * * of personal property hereafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged * * * property be delivered to and retained by the mortgagee * * * or unless the mortgage * * * shall be filed in the office of the recorder of deeds of the county where the mortgagor * * * resides, and in the case of the city of St. Louis, with the recorder of deeds for said city * * *."

The statute, it will be observed, does not fix a definite time within which a chattel mortgage must be recorded, but the decisions of the Missouri courts hold that it must be within a reasonable time. What is a reasonable time must be determined by the circumstances in every case. But it must be recorded promptly to give it priority over the rights of subsequent creditors. See the decision of this court in United States Hoffman Machinery Corporation v. Lauchli, 8 Cir., 150 F.2d 301, where the Missouri cases are cited and applied. There it is shown that a reasonable time means the time necessary to file the mortgage in the Recorder's office.

In this case the referee found, and it is not disputed, "* * * that the physical act of taking this mortgage from the dealer's place of business to the recorder's office in Clayton for filing, could be accomplished within an hour, and from the bank's place of business at 721 Locust Street [St. Louis], within two hours." Five week days, however, intervened between the date of execution of the mortgage and the date of filing, which the referee and the court held to be an unreasonable delay. The appellant argues that it acted promptly in delivering the mortgage to the post office for delivery, but the answer to that contention is that it made the post office its agent to do what an employee could have done in a short and reasonable time. The appellant, therefore, assumed the "risk of running afoul of the rights of creditors under the Missouri statute." This court pointed out in the Lauchli case, supra, that convenience is not a factor to be considered under the Missouri cases which will excuse delay in filing a chattel mortgage.

The foregoing authorities determine conclusively that the chattel mortgage is void as to the intervening creditors. The authorities are also conclusive that it is void as to the trustee. 11 U.S.C.A.Bankruptcy § 110 provides "* * * (e) (1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is * * * voidable * * * by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor." That this statute is applicable to the situation here cannot be doubted. See Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133; Buffum, Trustee, v. Peter Barceloux Co., 289 U.S. 227, 53 S.Ct. 539, 77 L.Ed. 1140.

Here it is shown that the mortgage under Missouri authorities was voidable by two creditors who filed claims for obligations incurred after the chattel mortgage was executed and before it was filed for record because of unreasonable delay in filing it in the Recorder's office. It is, therefore, void as to the trustee.

Affirmed.