John O. ENGLAND, as Trustee of the Estate of Madsen Engineering Company, Inc., a corporation, Bankrupt, Plaintiff,

v.

Madeline M. FEIST, Defendant.

No. 34520.

United States District Court
N. D. California, S. D.
June 15, 1956.

Shapro & Rothschild, San Francisco, Cal., for plaintiff.

Paul I. Archbold, San Francisco, Cal., for defendant.

ROCHE, Chief Judge.

This is an action to recover an alleged preferential payment of $3,175, pursuant to Section 60, sub. a, and 60, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 96, subs. a, b.

The facts as stipulated to by the parties are as follows:

Defendant loaned the Madsen Engineering Company, Inc., (herein referred to as Madsen) the sum of $3,500 on May 20, 1953. One day later, on May 21, 1953, Madsen issued a promissory note evidencing the indebtedness and secured by a chattel mortgage of the same date wherein Madsen mortgaged to the defendant as security six motor vehicles which were the property of Madsen.

Subsequent to the execution of the note and mortgage, Madsen delivered to defendant the certificates of ownership of said motor vehicles which showed that Madsen was the owner of all of the said vehicles and that they were free and clear of all claimed liens and encumbrances. Madsen endorsed the certificates of ownership so that the name of the defendant could be inserted therein by the Department of Motor Vehicles of the State of California as the legal owner thereof. Subsequent to May 21, 1953, between the dates of July 17, 1953 and July 28, 1953, defendant deposited with the Department of Motor Vehicles the certificates of ownership of said vehicles, properly endorsed by Madsen, with a request to that Department to issue new certificates showing defendant to be the new legal owner or lien holder of record. The transfer of said certificates of ownership was not completed until subsequent to October 16, 1953, by reason of the fact that defendant had not paid the necessary transfer fee of $6. On the 29th day of January 1954 a petition in bankruptcy was filed against Madsen and after proceedings thereafter had,

said company was adjudged bankrupt, plaintiff being elected trustee of said bankrupt.

Plaintiff contends that the chattel mortgage herein is voidable because the transfer of the legal ownership of said vehicles were not timely completed. It is the contention of defendant, that the transfer of legal ownership by the bankrupt pursuant to said chattel mortgage was valid under applicable Federal and State law and was completed prior to the commencement of the four months period before filing of bankruptcy. Further, that all the elements of a preferential payment are present in the instant case, provided said chattel mortgage is invalid.

Section 195 of the California Vehicle Code of the State of California provides that:

> "No chattel mortgage on any vehicle registered hereunder, irrespective of whether such registration was effected prior or subsequent to the execution of such mortgage is valid as against creditors or subsequent purchasers or encumbrancers until the mortgagee or his successor or assignee has deposited with the department, at its office in Sacramento, or at any other office as may be designated by the director, a properly endorsed certificate of ownership to the vehicle subject to said mortgage showing the chattel mortgagee as legal owner if said vehicle is then registered hereunder, or if said vehicle is not so registered, an application in usual form for an original registration, together with an application for registration of said chattel mortgagee as legal owner, and upon payment of the fees as provided in this code. *Deposit of a certificate within 30 days after the date of any such mortgage shall be deemed a deposit within a reasonable time.*" (Emphasis added.)

■■ This section, by itself, makes the chattel mortgage in question invalid as against creditors since by the stipulated facts some sixty days elapsed between the execution and delivery of the chattel mortgage and the deposit of the certificates of registration with the Department of Motor Vehicles. The trustee plaintiff is herein subrogated to the rights of its creditors. Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133.

■ Even without the thirty day provision for recordation in Section 195, which was amended in 1951 to establish by statute a "reasonable time", the courts have held on many occasions that prompt compliance with "secret lien" statutes is a necessity for a transaction to be valid against creditors. Ruggles v. Cannedy, 127 Cal. 290, 296, 53 P. 911, 59 P. 827, 46 L.R.A. 371.

In Bank of America N. T. & S. A. v. Sampsell, 114 F.2d 211 the Court of Appeals for the Ninth Circuit examined the California cases relating to Section 195 of the Vehicle Code (prior to the adding of the thirty day period in 1951) and decided that this section should be interpreted in the same manner as California Civil Code § 2957 and renewed the principle that the failure to promptly record renders the mortgage invalid as against all creditors who become such prior to the date of recording. See also Budget Finance Plan, Inc., v. England, 9 Cir., 170 F.2d 59; United States Hoffman Machinery Corporation v. Lauchli, 8 Cir., 150 F.2d 301; Mercantile Trust Co. v. Kahn, 8 Cir., 203 F.2d 449.

■ In view of the facts as stipulated, and the law as hereinabove set forth the chattel mortgage herein is invalid against the creditors of the bankrupt represented by the plaintiff, and since the sales of the automobiles were made within four months of the filing of the petition or subsequent thereto and defendant was not the legal owner thereof, a preference was received by defendant.

Therefore in accord with the foregoing

It is hereby Ordered that judgment be entered herein upon findings of fact and conclusions of law in the sum of $3,175

together with interest thereon at the rate of 7% per annum from the 21st day of June, 1954 until paid, in favor of plaintiff and against defendant, together with plaintiff's costs incurred herein.